THE JOHN L. ROPER LUMBER CO. v. JOHN G. WALLACE et al.

*Code Practice—Joinder of Causes of Action—Counter-claim—*
*Injunction—Receiver.*

1. Under the Code system of practice, equitable relief may be granted in every civil action where it shall be made properly to appear that any of the parties thereto are entitled to it.

2. The distinction between the *principles* of law and equity are not abolished, nor are those systems blended; only the distinctions in the *forms* of procedure, and in the *tribunals* in which they were formerly administered, are abrogated.

3. Causes of action distinctly legal and causes of action purely equitable may be united in one complaint, if they have reference to the same subject matter and arise out of the same transaction. It is not necessary, however, that they should be so united. The Code, §267.

4. In certain respects, particularly with regard to the remedies by injunction and appointment of receivers, the powers of the courts have been enlarged by the provisions of The Code, §§338 and 379.

5. Where, in an action to recover land, the plaintiff applied for and obtained an injunction against the cutting and removing timber by the defendant, and the latter in his answer denied the plaintiff's title, averred title in himself, and alleged that the plaintiff was cutting and carrying away timber which was of peculiar value for manufacturing purposes; It *was held,*
   (1) That while the courts should be reluctant to interfere with *bona fide* industries and enterprises by injunction, they would require the plaintiffs to give bonds to answer the defendants in possible damages, and would also appoint a receiver who should take and state accurate accounts of the timber cut and removed by the plaintiffs until the cause should be heard on its merits, notwithstanding the plaintiffs are solvent;
   (2) That the defendants' answer raised a counter-claim proper for the consideration of the Court. The Code, §244.

6. It is *not now necessary, in an application for an injunction to enjoin a trespass on land, to allege the insolvency of the defendant when the trespass is continuous in its nature, or is the cutting and destruction of timber trees.* (Ch. 401, Laws 1885).

The Code system of practice discussed by MERRIMON, J. Const., Art. IV., § 1.

(*Gregory* v. *Hobbs* (at this term); *Erwin* v. *Davidson*, 3 Ired. Eq., 311; *Deep River Mining Co.* v. *Fox*, 4 Ired. Eq., 61; *Gause* v. *Perkins*, 3 Jones Eq., 177; *Horton* v. *White*, 84 N. C., 297, cited and approved).

This was a CIVIL ACTION pending in CAMDEN county, heard upon an application for an injunction, before *Shepherd, Judge,* at Chambers on 30th May, 1885.

From the order of the Judge enjoining the plaintiffs, they appealed.

The plaintiffs allege in substance that they are the owners of the land described in the complaint—that it is valuable mainly for the timber on it--that at great expense and trouble they have prepared themselves to cut and manufacture the timber into lum-

ber for market—that the defendants forcibly entered upon the lands and interfered with their rights and property, and threatened to continue to do so. They demanded equitable relief by injunction, and this the Court granted.

In their answer, the defendants deny that the plaintiffs are the owners of the most, if not all of the land described in the complaint; they allege that they are the real owners of the land, or such part thereof as they describe and specify in their answer; they allege that the land is mainly valuable for the timber on it—that the timber is peculiar and generally scarce—that it is particularly valuable to them as manufacturers of wooden-ware made of it, and they suffer damage in not being able to use it—that the plaintiffs are unlawfully in possession of it, and have placed upon it large machinery and a great number of laborers, who have cut and transported to market great quantities of the timber, and threaten to continue to do so—that before the action can be tried upon its merits, the plaintiffs will have cut and taken from the land all the valuable timber on it, and thus leave them without adequate remedy.

Some of these allegations were made in a supplemental answer and in a petition filed in the action, in which they demand that the plaintiffs be restrained by injunction from cutting any more of the timber on the land, and forbidden to remove such timber as may be cut and remaining on it pending the action.

The plaintiffs filed their replication, in which they denied that the defendants had any title or right to or in the land—aver their title to the same—they admit that the land is mainly valuable for the timber on it—admit that they have cut and removed large quantities of it, and aver their purpose to continue to do so—they aver that they are abundantly solvent and able to answer in damage for any supposed wrong they have or may do the defendants in any degree.

The defendants moved before the Judge at Chambers for an injunction as prayed for in their answer, and supported their motion by their verified answers and petition and sundry affida-

vits—the plaintiffs opposed their motion and supported their opposition by numerous affidavits.

The Court, at the hearing of the motion, granted an injunction as prayed for, requiring the defendants to give bond in that respect; the plaintiffs excepted, and appealed to this Court. They contended:

"1. That the facts set out in the supplemental answer did not constitute a counter-claim under The Code, and that the motion for an injunction on the part of the defendants could not be maintained in this action.

"2. That the pleadings fail to disclose such apparent title, right of property or possession, as would justify the interposition of the equitable powers of the Court, and that the defect could not be aided by the separate affidavit of Wallace or others.

"3. That upon the whole case made out by the pleadings, affidavits and counter-affidavits on both sides, the injunction ought to be refused."

*Mr. John Gatling,* for plaintiff.
*Mr. George H. Brown, Jr.,* for the defendants.

MERRIMON, J., (after stating the case as above). Under the Code system of procedure as it prevails in this State, equitable relief may be granted in every civil action wherein it appears by proper averments and proofs that the parties, or any of them, are entitled to it. The Constitution (Art. IV, §1) provides that, "the distinction between actions at law and suits in equity, and the forms of all such actions and suits, shall be abolished; and there shall be in this State but one form of action, for the enforcement or protection of private rights or the redress of private wrongs, which shall be denominated a civil action," &c.

This provision does not imply that the distinctions between law and equity are abolished, or that the principles and doctrines of law and equity are so blended as to constitute one embodiment of legal science, without the differences that have heretofore

existed between them and been recognized by courts of judicature in their application. Principles of law, principles and doctrines of equity, remain the same they have ever been—the change wrought is in the method of administering them, and in some degree, the extent of the application of them.

Under the common law method of procedure, the principles of law were applied and enforced in courts of law according to methods and forms of action peculiar to them—the principles of equity were applied and administered in courts of equity according to forms and methods of procedure peculiar to them.

Such differences were distinctive, well understood and treated as essential. The constitutional provision cited abolishes such distinctions as to actions and their forms, and to a very large extent—not wholly—the method of procedure in directly applying principles both of law and equity.

Causes of action distinctively legal in their nature, and like causes purely equitable in their nature, although in respect to the same matter in different aspect of it, need not necessarily be united in the same action, though they may be, if they come within any of the classifications prescribed in The Code, §267. *Gregory* v. *Hobbs*, decided at the present term.

But, when a single cause of action has both legal and equitable elements, and also, when the equitable relief sought is merely incidental, or ancillary in the action—in such cases, the principles both of law and equity must be applied in the same action—as in case of application for relief by injunction, or the appointment of a receiver in the course of the action. And this is so as well, when two or more causes of action are united in the same action.

The purpose and effect of the constitutional provision is to abolish the distinctions between actions of law and suits in equity, and the forms of such actions—not the difference in respect to principles—and to establish a single form of action applicable in all cases, whether the cause of action be legal, or equitable, or both. The end sought to be attained is to obviate

circuity and multiplicity of actions, variety of forms of action and complication incident thereto, and to facilitate the application of the principles of law and equity where they apply to a greater or less extent to the same causes of action.

The Code of Civil .Procedure prescribes the method of applying both law and equity in one form of action. By it is established a system of pleading, the purpose of which is to effectuate the intention of the constitutional provision under consideration.

This method of procedure is, in some respects, imperfect, particularly in respect to the trial of issues of fact arising in cases purely equitable, and that sometimes arise in cases involving both legal and equitable elements.

Because of this imperfection, the courts oftentimes find it difficult to grant the full measure of equitable relief as contemplated by the doctrines of equity. The trial of issues of fact by a jury is generally ill-suited to the settlement of the facts in equity cases.

But in some other respects, it facilitates and enlarges the scope of equitable relief that may be granted. This is so especially as to relief by injunction and the appointment of receivers. The provisions of The Code, §§338 and 379, in express terms invest the court with very large and comprehensive powers to protect the rights and prevent the perpetration, or the continuance, of wrong in respect to the subject matter of the action, and to take charge of and protect the property in controversy both before and after judgment, by injunctions and through receivers, pending the litigation; they facilitate and enlarge the authority of the courts in the exercise of these remedial agencies, and do not in any degree abridge the exercise of like general powers that appertain to courts of equity to grant the relief specified, or to grant perpetual injunctions in proper cases, and the like relief.

It is not, however, to be understood, that the court will administer both law and equity in the same action upon the mere suggestion of the parties, or some of them. Of course, the cause of action, or the defence thereto, whatever may be its nature—

whether legal or equitable, or both—must be set forth in the action as required by the method of pleading established by the Code, and in such intelligent way as to enable the court to see what principles apply and how they must be administered. The pleadings should develop the nature of the relief sought.

Such relief may be granted in the same action in respect to the same cause of action, not only to the plaintiff, but as well to the defendant, either temporarily in the course of the action, or by the final judgment, accordingly as it may appear that he is entitled; and this is especially so, when the defendant pleads a counter-claim that he may be entitled to plead. Indeed, a counter-claim is generally, practically and in effect, a counter-action brought by the defendant against the plaintiff.

Such being the scope and purpose of the method of civil procedure in this State, we think there can be no doubt that the defendants are entitled to equitable relief, not exactly in the way the Court allowed it, but in a way that will adequately protect their alleged rights until the action shall be tried upon its merits.

The defendants' answer is informal, but it in substance and effect denies, *first*, that the plaintiffs are the owners of the land, and that they trespassed upon the same as alleged in the complaint, and they also deny most of the other material allegations. They thus put the plaintiffs to prove their title and establish their cause of action. With this they might have stopped.

But they did not simply make defence, and thus put in issue the plaintiffs' alleged rights—they alleged that they were the owners of the land—that the plaintiffs were trespassers in possession of it, cutting and removing the timber from 'it, for which it was mainly valuable, and were continuing to cut and remove it, &c. The plaintiffs denied that the defendants had title; they denied the alleged trespass, and they put them to prove title, and establish their cause of action.

In our judgment, the defendants thus alleged a counter-claim. The Code, § 244, defines what shall constitute a *counter-claim*, and that part of the section material here, provides that " the

counter-claim * * * * must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action: (1.) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiffs' claim, or *connected with the subject of the action."*

The defendants' alleged claim comes within the meaning of this provision; it is alleged to exist in their favor and against the plaintiffs—a several judgment may be had in the action—that is, a judgment for the plaintiffs or the defendants accordingly, as the Court may decide in favor of the one or the other, and it arises out of and is "connected with the *subject of the action,*" that is, the defendants allege title to the same land; that the plaintiffs have trespassed upon and are in possession of it, &c. The title to the land and the alleged trespass upon it by the defendants constitute the plaintiffs' cause of action.

But if it were granted that the subject matter of the allegations of the defendants failed to constitute a counter-claim, still they would be entitled to relief. The real subject in controversy is the timber on the land. The defendants show apparent title to the land and the timber on it—their claim is not unreasonable. The allegations of the answers and the affidavits satisfy us that the claim of the defendants is made in good faith, and that it is not merely vexatious. The plaintiffs admit that they have taken from the land large quantities of the timber, and frankly aver their purpose still to do so. If they shall be permitted to do so, it will be difficult for the defendants to ascertain the quantity, character and value of the timber removed, if indeed, they can do so at all. Under the the liberal provisions of The Code, to which reference is made in this opinion, they are entitled to relief.

It is true, the plaintiffs allege that they are abundantly solvent, and can answer in damages. This is not sufficient—the defendants may and probably would suffer detriment if the plaintiffs should be

permitted to remove the timber without being required to render any account of it under the supervision and direction of the Court.

Besides, the plaintiffs are to be treated as if the defendants had alleged their insolvency. If they had so alleged in their answer, and it had so appeared there, it had been clear that the defendants were entitled to relief by injunction, or in some other adequate way. It is not now necessary to allege the insolvency of the party complained of. The statute (Acts 1885, ch. 401), provides, "That in an application for an injunction to enjoin a trespass on land, it shall not be necessary to allege the insolvency of the defendant when the trespass complained of is continuous in its nature, or is the cutting or destruction of timber trees." Manifestly, this statute was intended to apply to a case like the present one. The purpose of it is to obviate in some measure, the trouble of ascertaining the extent of trespass on land, especially where the timber is cut and removed, or is destroyed.

While we are of opinion that the defendants are entitled to relief, we think that the plaintiffs ought not to be restrained from cutting and using, or selling the timber until the action shall be heard upon the merits. No special or peculiar cause is alleged why the timber may not be cut and sold. This is not a case wherein a party aggrieved alleges irreparable injury. We can see no adequate reason why the defendants, if they succeed in the action, may not be fully compensated in damages, if adequate means shall be offered them for ascertaining the reasonable value of the timber. This may be done.

It is against the policy of the law to restrain industries and such enterprises as tend to develop the country and its resources. It ought not to be done, unless in extreme cases, and this is not such an one.

The Court made its order granting an injunction until the hearing. This order must be so modified as to require the plaintiffs to execute a bond with approved security in such sum as the Court may deem proper, payable to the defendants claiming the

property, conditioned that the plaintiffs will pay to them all such damages and sums of money as the Court may adjudge against them and in favor of the defendants upon the final determination of this action; and so also to appoint a receiver, who shall take, state and keep an accurate account of the timber that the plaintiffs shall now have on hand, and such as they shall cut henceforth until the final hearing of the action upon its merits, and make report to the Court of his action as such receiver; and further so as to restrain the plaintiffs from removing such timber, or any part thereof, until the receiver shall take the account thereof as required by the order of the Court appointing him. But if the plaintiffs cannot or will not give such bond, the Court shall make such further order as to it may seem meet and just.

The object of the Court should be to so mould its orders and decrees as to afford relief to the defendants as indicated in this opinion, and also permit the plaintiffs to prosecute their industry under just restraint for the benefit of the defendants in case of their recovery.

*Irwin* v. *Davidson*, 3 Ired. Eq., 311; *Deep River Mining Co.* v. *Fox*, 4 Ired. Eq., 61; *Gause* v. *Perkins*, 3 Jones Eq., 177; *Horton* v. *White*, 84 N. C., 297.

The order of the Superior Court must be modified as directed in this opinion.    To that end let the opinion be certified to that Court according to law.

*It is so ordered.*