W. W. LEWIS v. JOHN L. ROPER LUMBER COMPANY.

*Injunction—Irreparable Damage—Receiver.*

1. Upon an application for an injunction, it is not sufficient to simply allege that the plaintiff will suffer irreparable damage—he must set out the facts so the Court may determine the necessity for its intervention.

2. As a general rule an injunction will not be granted where the plaintiff may be compensated in damages.

3. Where the plaintiff sought to enjoin the defendant from cutting and carrying away timber from lands which both parties claimed, and each offered strong proofs in support of his titles; and it appeared that the defendant had in good faith expended large sums of money in establishing and prosecuting its business and great loss might result from arresting it; *Held*, that the Court should have required a bond from the defendant to indemnify the plaintiff for the value of the timber, and if need be appoint a receiver, before resorting to an injunction.

This was an APPLICATION FOR AN INJUNCTION, heard at Chambers, in Tarboro, on 17th August, 1887, before *Philips, J.* The action was pending in WASHINGTON County.

The plaintiff alleged that he was the owner in fee of the land in controversy; that it is swamp land and mainly valuable for the timber on it; "that defendant has wrongfully, wantonly and forcibly entered upon the land of plaintiff, and has cut and carried away timber from the same, and threatens to continue to cut and carry away the timber of the plaintiff, to his irreparable damage," &c., &c.; and he produced his own affidavit and those of sundry other persons tending strongly to prove his allegations. He likewise set forth his evidence of title to the land, and stated facts going to show that the defendant was insolvent, &c.

The defendant denied the allegations of the plaintiff, that he was owner of the land, and, on the contrary, alleged that it belonged to a corporation The Albemarle Swamp Land Company; that it had leased from the last named company "all of its real and personal property in the counties of Beaufort, Washington and Hyde, with full, ample and complete authority and right to cut, manufacture and remove from the said real property the growing timber thereon for the term of five years from said date; that the land described in the complaint is a part of the land so leased, and the defendant entered upon said land by authority of said lease;" it admitted that the land is chiefly valuable for the timber on it; that it had cut and carried away timber from the land; that it was then engaged in doing so; that it intended to continue to do so; it averred that it did so rightfully, and denied that the plaintiff had sustained or would sustain irreparable damages; it alleged further, that it " is largely engaged in the lumber business at the places named and has expended much money in getting ready for the work, and has now in the woods a number of hands, teams, and other appliances for getting out the timber, and in addition has expended and is now expending a large sum of money to construct and run a railroad to the Albemarle Sound, from and beyond the land, for the purpose of moving

the timber, and such other as it may own and buy, all of which expenditures have been made in good faith, and in the belief, promoted as aforesaid by the action of the plaintiff himself, that its title was good; and if stopped now the defendant's operations will be much impeded and irreparable damage done to it; that the defendant is entirely solvent and able to respond in damages to the plaintiff to much greater amount than any possible recovery by plaintiff in this action; that the timber on the land has no special or peculiar value which may not be easily measured and compensated for in damages, if the plaintiff shall prevail in this action;" and it produced sundry affidavits tending strongly to support its allegations. It also set forth the documentary evidence of the title of the company under which it claimed, &c.

The Court granted the motion for an injunction, and from the order in that respect the defendant appealed.

*Mr. J. E. Moore,* by brief, for the plaintiff.
*Mr. John Gatling,* for the defendant.

MERRIMON, J., (after stating the case). In *Lumber Co.* v. *Wallace,* 93 N. C., 22, it is said : " The provisions of *The Code,* §§ 338–379, in express terms invest the Court with very large and comprehensive powers to protect the rights and prevent the perpetration or the continuance of wrong in respect to the subject matter of the action, and to take charge of and. protect the property in controversy, both before and after judgment, by injunctions and through receivers, pending the litigation; they facilitate and enlarge the authority of the Courts in the exercise of their remedial agencies, and do not in any degree abridge the exercise of like general powers that appertain to Courts of Equity to grant the relief specified, or to grant perpetual injunctions in proper cases, or the like relief."

But such powers are not to be exercised in every case. On the contrary, they should be applied cautiously, and only when, in the sound discretion of the Court, such application is necessary to protect the substantial rights of the party complaining and the property in controversy that may be in jeopardy of loss or injury during the litigation, and also when the subject matter of litigation is serious in importance to the party demanding relief, and ordinarily he should show strong apparent right to relief. Moreover, the Court should have in view and due regard for the rights and interests of the party complained against. Its orders and decrees should be so shaped as to serve the best purposes of the law in the application of such powers, and put the parties to as little inconvenience and disturb the course of business and industries as little as practicable.

In this case, the affidavits and other evidence produced by the plaintiff in support of his motion for relief by injunction tends strongly to support his allegations and right to relief; but on the other hand, the defendant makes pertinent counter allegations, and the evidence produced by it tends strongly to support them. In such a case, the plaintiff should have relief, because he shows strong apparent right, and the defendant, by allegations largely in confession and avoidance, only shows that the plaintiff may not recover. The latter is entitled at least to have a sum of money equal to the value of the timber secured pending the litigation, so that, in case he shall obtain judgment, it may be applied in discharge of the same. The timber may belong to the plaintiff, and if so, he ought to have it, or at least the value of it, and this in some way secured pending the litigation, he properly securing the defendant indemnity against damages occasioned by the plaintiff's groundless action, if it turns out to be such.

But the plaintiff is not entitled certainly to relief by injunction and no other. The injury of which he complains is not one for which he cannot be compensated in damages.

If it were, he would be entitled to that particular remedy. It is true he alleges in general terms, "irreparable injury," but he fails to allege and give evidence of facts showing that he may sustain such injury. It is not sufficient to simply allege such injury—facts must appear from which the Court can see and determine that it is such, and probable. It appears that the defendant is cutting and carrying away from the land ordinary forest timber suited to the purpose of making lumber for the markets. Obviously, the plaintiff may be compensated in damages for this timber.

The defendant is extensively engaged in the manufacture of lumber. It prosecutes that business at large expense, and has employed in it many laborers, wagons, horses, &c., &c. The business is a legitimate one, and ought not to be arrested, especially if this can be avoided consistently with the rights of the plaintiff. Indeed, it is against the policy of the law to restrain industries and lawful enterprises. It ought not to be done, unless in extreme cases, certainly when it may be avoided. We, therefore, think the Court, instead of granting the injunction, should have required the defendant to execute a bond, with approved security, in such reasonable sum as the Court might deem proper, payable to the plaintiff claiming the property, conditioned that the defendant will pay to the former such damages as the Court may adjudge in his favor against the defendant upon the final determination of the action. And the Court might, if the circumstances render it necessary, appoint a receiver to take, state and keep an account of the timber cut and removed. If the defendant cannot, or will not, give such bond, the Court might take such other steps as it might deem meet and just. This is substantially the course pursued in *Lumber Co. v. Wallace, supra ;* and while it will serve the just purpose of securing the rights of the plaintiff, it avoids a suspension of the business of the defendant.

To the end that such action as that indicated in this opinion may be taken in the action, let this opinion be certified to the Superior Court.                    ·          Error.