ROANOKE NAVIGATION COMPANY v. T. L. EMRY et al.

*Injunction.*

1. It is against the policy of the law to enjoin the prosecution of such industries and enterprises as tend to develop the resources of the country, except in those cases where it is apparent that otherwise serious harm will result to the party complaining.

2. Where, therefore, it appeared that the plaintiff corporation was engaged in the erection of mills and an elevator of large capacity on land claimed by it, and to connect them with a railway station was constructing a railroad running principally over its own land, when the defendants forcibly entered on a part of said lands, claiming them as their own, and obstructed the work, threatening plaintiff's servants with violence if they persisted. and it further appeared that defendant's claim was doubtful: *Held*, to be a proper case for an injunction till the hearing.

This was a CIVIL ACTION pending in HALIFAX Superior Court, heard upon motion for an injunction before *Philips, J.,* at Chambers in Tarboro, on July 19th, 1890.

The plaintiff, a corporation, alleges in its complaint that it is the owner and in possession of the real property described therein; that parts of the same are very valuable for manu-facturing purposes; that it owns a canal, situate upon its land, to be enlarged and improved; that in connection with, and as part of the same, is a basin, situate in the town of Weldon, supplied with water by said canal, from which water is to be applied for the purpose of moving important ma-chinery; that upon a parcel of land near to this basin it has selected a site and water-way on which it was and is about to erect, at great expense, a corn-mill and elevator with capacity to make ten thousand bushels of meal per day, and had purchased at great cost lumber, brick, machinery, labor, &c., for that purpose and to that end, and was engaged in constructing a railroad from the railroad shed in Weldon,

the entire line of which, except where it crosses First street in said town, by permission of the town authorities, runs on and over the land of the plaintiff company to a point in the neighborhood of the contemplated mill aforesaid, said point being on the plaintiff's land; that the plaintiff is the owner and in possession of the land over and across which said road passes and is to be completed, and on which it is intended to erect said mill and elevator and construct such water waste-way, &c.; that while the plaintiff was so in possession of its land about the 10th of July, 1890, engaged in constructing its said railroad, the defendant Emry, acting for himself and his co-defendants, " with a strong hand, unlawfully, wantonly and violently, armed with a shot-gun, entered upon the lands of the plaintiff and erected across the proposed route of said railway a fence, and forbade and prohibited, under threats of shooting the servants and agents of the plaintiff company, from the further construction or building of said railway, and forbade and prohibited the agents and servants of this company from the laying off and constructing the said contemplated mill, elevator and waste-way, and threatens to shoot and kill any agent or servant of this company who shall enter upon said land for the purpose of building said mill, elevator and waste-way, or completing said road"; that the conduct of the defendants complained of greatly hinders, delays and interferes with the plaintiff's said enterprise, and destroys and impairs the same, the lumber, machinery and other supplies purchased for such purposes, etc.

Among other things, the complaint demands relief by injunction, &c.

The defendants admit some of the material facts as to the plaintiff's enterprise, but deny that the said railroad exclusively runs over the lands of the plaintiff; allege that they are the owners of two mill-houses situate on the plaintiff's land, near to the said road; that the ownership of these

houses is separate from that of the land on which they are situate; that the said road is about to be constructed on lands of the defendants; that the defendants have been in continuous, uninterrupted possession of a lot on which said road is about to be located, both said mills and a foundry, said waste-way and all lands appurtenant to said mills, etc., and the plaintiff has never had actual possession thereof, etc.

The answer raises a question as to the location of the corner of a lot called the "Joyner lot." If this is located as contended by the defendants, then the said mill will be situate on their land; it will not be so if such corner is situate as contended by the plaintiff. The defendants claim that they had and have possession, though they do not claim title to the site for the projected new mill, elevator and water waste-way.

The Court below, on motion of the plaintiff, granted an injunction pending the action restraining the defendants from all interference with the plaintiff's projected work, etc. The defendants excepted and appealed.

*Messrs. Thomas N. Hill* and *W. H. Day*, for plaintiff.
*Mr. R. O. Burton, Jr.*, for defendants.

MERRIMON, C. J.: The pleadings, exhibits and evidence satisfy us, for the present purpose, that the plaintiff is the owner of the canal, basin, the site for the projected mill, elevator and water waste-way, and that its land thereabout situate is well adapted for manufacturing purposes of great importance; that the plaintiff is about to erect the mill and elevator, and that to that end, has expended and is about to expend large sums of money, contracted for much machinery and other material for such purpose, and is constructing the short railroad complained of by the defendants, with the view and for the purpose to facilitate the projected work, its use and purpose. Whether this road is to be constructed

entirely on the plaintiff's own land is not entirely free from doubt, but if it be partly on a part of the defendants' lot it cannot in any sense greatly endamage the latter by its mere construction. Whether the defendants have mere possession of parts of the plaintiff's land, as they contend, is doubtful. And whether, in any view of the contention of the parties, the plaintiff has possession of any land of the defendants, is very questionable. So far as we can see, no serious harm can, in any event, happen to the defendants by the construction of the road; they may be amply compensated in damages, and have remedy upon the bond given by the plaintiff. The completion of the road promptly, we can well see, will greatly facilitate the enterprise, which ought not to be delayed, and which the law encourages. It is against the policy of the law to restrain, delay and hinder such industries and enterprises as develop the country and its resources. This ought not to be done, unless in cases where serious harm may come to the party complaining. The plaintiff alleges, and the evidence tends strongly to prove, that the roadway is on its own land and that it is in possession. The Courts have in many cases, not unlike the present one, granted relief by injunction pending the action, and when the evidence has left the material matter in dispute in doubt, this Court has generally directed the order granting such injunction to be affirmed. Here the defence alleged by the defendants is more than doubtful, but we are not to be understood as expressing any opinion upon the facts, further than as may be proper in directing an affirmance of the order appealed from. *Parker* v. *Parker*, 82 N. C., 165; *Lumber Co.* v. *Wallace*, 93 N. C., 22; *Lewis* v. *Lumber Co.*, 99 N. C., 11; *Evans* v. *Railroad*, 96 N. C., 45; *Whittaker* v. *Hill,* *ibid.*, 2.

Affirmed.