WELLINGTON and POWELLSVILLE RAILROD COMPANY v. CASHIE & CHOWAN RAILROAD COMPANY.

Where a railroad company, seeking to condemn land for its right of way, has given ample bond to cover any damages resulting from its wrongful entry upon the land, an injunction will not issue to restrain such company from entering upon the land before the appraisal of damages and the payment thereof into Court.

PETITION to rehear the case reported in 114 N. C., 690.

*Messrs. R. B. Peebles* and *Battle & Mordecai*, for plaintiff.

*Messrs. F. D. Winston* and *R. O. Burton*, for defendant (petitioner).

RAILROAD COMPANY *v.* LUMBER COMPANY.

Avery, J.: This is a petition to rehear the case reported in 114 N. C., 690. The plaintiff instituted a special proceeding to condemn the right of way over defendant's land. The defendant in its answer alleged that it would sustain irreparable damage, if the road should be built, and using the answer as an affidavit, obtained a temporary restraining order, which on the return day was vacated upon the filing by the plaintiff of a bond in the penal sum of one thousand dollars conditioned for the payment by the plaintiff of all costs and damages recovered by the defendant in this action. The appeal is from the order dissolving the injunction.

We are warranted in assuming that the penal sum, mentioned in the bond, was fixed by the Court after due inquiry, and is therefore amply sufficient to secure to the defendant any damage that may be ultimately recovered of the plaintiff for the wrongful entry upon its land, if indeed any wrong has been done. Conceding that the plaintiff is a trespasser, compensation in damages will nevertheless, as a general rule, be allowed for such an injury, and there is no allegation in the answer that will bring this case within any exception to it.

It is contrary to the policy of the law to use the extraordinary powers of the Court to arrest the development of industrial enterprises or the progress of works prosecuted apparently for the public good as well as for private gain. *Lewis* v. *Lumber Co.*, 99 N. C., 11. On the other hand this Court has given its sanction to the practice of granting restraining orders till the hearing against a party who by force was impeding the prosecution of such enterprises, on the ground that a trespass was being committed on his premises, when apparently he could be compensated in damages for the injury of which he complained. *Navigation Co.* v. *Emry*, 108 N. C., 130.

The plaintiff is proceeding, as was said in the former opinion of this Court, under a charter authorizing it to appropriate land for its use upon just compensation and the question of the necessity for taking a proper right of way is not before us. Pending the proceeding for condemnation ample provision has been made to compensate the defendant for any loss sustained by a wrongful entry on the part of plaintiff and if it be admitted that the plaintiff is not authorized to enter till after the appraisal and the payment into Court, in accordance with the provisions of *The Code*, Sec. 1946, of "the sum appraised," the plaintiff is still ,in the worst aspect of its conduct committing a trespass for which it is answerable in damages, the ultimate payment of which is secured in advance by a sufficient bond.

The defendant has not only failed to show that he has or will sustain, but even that he may suffer irreparable injury. The petition is dismissed.