A. J. WYNN v. GRANT BEARDSLEY, Superintendent of Roads.

(Decided March 6, 1900.)

*Road Law of 1899, Chapter 581—Superintendent for Warren County—Injunction—Mode of Procedure.*

1. Where the County Superintendent of Roads was proceeding irregularly to locate a public road for his county, the Court will correct the irregularity, but will not enjoin the procedure under Act of 1899, chap. 581.

2. The proper course of proceeding, under the act, indicated.

ACTION FOR AN INJUNCTION to enjoin the defendant, Superintendent of Roads of Warren County, from locating, constructing and maintaining a public road upon lands of plaintiff, under Act 1899, chap. 581, pending in WARREN Superior Court, and heard at Chambers, before *Bowman, J.,* October 10, 1899. His Honor adjudged that the restraining order be continued until the final hearing.

Defendant excepted and appealed. The requirements of the act, and the facts of the case, are recited in the opinion.

*Messrs. Pittman & Kerr,* and *H. A. Boyd,* for appellant.
*Messrs. Cook & Green,* and *Gilliam & Gilliam,* for appellee.

FAIRCLOTH, C. J.    This action is instituted to restrain the
defendant from further proceeding under the Act of 1899,
chap. 581, entitled "An Act to provide for the better working
of the public roads and highways of the State."·   The act is
elaborate in details, and the defendant is Superintendent of
Roads for Warren County, where this action is pending.
Sec. 1 provides for a tax levy to construct and maintain roads.
Sec. 2 makes it the duty of said Superintendent, subject to
the approval of the Board of County Commissioners, to super-
vise, direct and have charge of the maintenance and building
of all public roads in the county, and submit to the Board
of Commissioners a monthly report of the work in progress,
etc.

SEC. 12. "That, subject to the approval of the Board of
County Commissioners, the County Superintendent of Roads
is hereby given discretionary power, with the aid of a compe-
tent engineer or surveyor, to locate, relocate or change any
part of any public road where, in his judgment, such location,
relocation or change will prove advantageous to public travel."

It then provides for the assessment of damage by jury, and
for notice and the right to appeal, etc.

*Facts.*

It appears that said superintendent, at the request of a
large number of neighboring citizens, was proceeding to locate
a road over the land of the plaintiff and others, aided by a
surveyor, and with the approval of the Commissioners, when
he was enjoined by an order from further action.   It does not
appear that anything has been done material to the con-
struction or building of the road.    The surveyor says: "That

a few wild persimmon trees may have been trimmed in open-
ing and laying off said road, but affiant saw no other fruit
trees on the ground laid off for said road, and he believes
there are none."

T. P. Wynn says: "Nothing has been done in the way of
laying off the proposed road other than the plowing of two
furrows about four hundred yards through a cleared field."
A. J. Wynn, the plaintiff, says: "That said road has not yet
been constructed upon his land, but that said defendant has
entered upon a portion of the same, ploughed a part." It
appears that the defendant reported to the Board the line of
the road which he proposed to follow, and asked the approval
of the Board, if in his *discretion* the necessity and advantage
of the road should be made apparent. The Board of Com-
missioners approved the proposed plan and ordered the super-
intendent to proceed "according to law." This was irregular,
and not agreeable to the procedure prescribed by the act. As
said act applies, or may apply, to a large number of counties,
it may not be improper for this Court now to point out in gen-
eral terms the proper course of proceeding under this act.

1. The superintendent with a surveyor, in his discretion,
on his own motion or at the request of other citizens of the
county, should go upon the lands over which he proposes to
place the road, and locate the same without unreasonable dam-
age to the premises, make a survey, fixing definitely the ter-
mini and the metes and bounds, and make a report of the same
to the Board of Commissioners in meeting. It would be
reasonable that the land owners be notified of the time and
place of such meeting, and that they be heard. If the Board
approves the report and makes a record thereof, the road thus
located becomes a public road, and the Board should direct
the superintendent to construct and build it. When the road

is completed and reported, the land owner, if he claims damages, should, within thirty days thereafter, petition the Board for a jury to assess his damage as prescribed in sec. 12, and when the jury have reported their assessment, the Board will provide for payment of the same in any manner allowed by law.    In the argument here, several questions were discussed, but none except the above are now in order to be considered by this Court.    We think the injunction was erroneously granted, and that it must be vacated.    To that end let this opinion be certified.

Reversed.