CORPORATION COMMISSION v. RAILROAD.

(Filed September 26, 1905).

*Corporation Commission, Powers and Rules of—Carriers —Track Scales—Evidence.*

1. The Legislature has the power to supervise, regulate and control the rates and conduct of common carriers, and this regulation may be exercised either directly or through a commission.

2. Under the act creating the Corporation Commission, it has the power to require a railroad to put in track scales at such points as the quantity of business may justify it.

3. This power cannot be unreasonably exercised, and such orders are subject to review by the Superior Court and by this court.

4. The court or the jury, upon proper instructions, as the case may be, should pass upon the reasonableness and necessity of an order of the Corporation Commission requiring track scales to be put in.

5. Where there was evidence that the defendant had put in track scales at other points where fewer car loads were shipped, and that the petitioner paid annually $30,000 in freight and that the defendant offered to put them in if the petitioner would pay higher rates (amounting annually to $950, nearly the full cost of scales and of putting them in,) than was paid by shippers at points where scales had been put in, *held,* that the evidence was sufficient to be submitted to the jury, on the reasonableness and necessity of the order.

6. The fact that the petitioner would cut and ship lumber only two more years from that point does not *per se* make the order unreasonable, when the petitioner had already shipped from that point for five years and had ten years' cutting at another station on the defendant's road, to which the scales could then be moved.

7. It is not the number of shippers, but the number of car loads to be weighed which is the test whether it is reasonable to have facilities for weighing car loads upon track scales at a station, and it is immaterial that the petition affected only one point and one shipper.

ACTION by State *ex rel* North Carolina Corporation Commission against the Atlantic Coast Line Railroad Company, heard by *Judge M. H. Justice* and a jury, at the November Term, 1904, of the Superior Court of WAKE County. From the judgment rendered, the plaintiff appealed.

*Attorney-General* and *F. A. Woodard* for the plaintiff.
*Junius Davis* and *Pou & Fuller* for the defendant.

CLARK, C. J. A petition was filed before the Corporation Commission by the Dennis Simmons Lumber Company, whose plant is located at Elm City, asking that the defendant be required to put in track scales for weighing lumber shipped in car load lots from that point. It was in evidence that the defendant had such scales at twenty-one other points on its North Carolina and Virginia division, at which there were saw mills, among them Weldon, Tillery, Parmelee,

Washington and Rocky Mount; that on the lumber shipped by the plaintiff at Elm City it paid $30,385 freight in 1903, being more freight than was paid on car load shipments at several points where the defendant had put in such scales; that the scales, if put in, would cost the defendant about $1,000; that the defendant offered to put in such scales if the plaintiff would add one-fourth of a cent per 100 pounds to its present rate of eight cents, which would cost the plaintiff very nearly $950 additional per annum; that there was very little car load freight, requiring the use of such scales, shipped from Elm City except that shipped by the petitioner, and that the plaintiff had now to ship its lumber unweighed, and would pay freight upon its estimated weight which would be corrected when the lumber was later weighed at Rocky Mount or Pinner's Point, at which places en route the defendant had track scales; the plaintiff objected to this latter arrangement because it gave it no opportunity to see to the correctness of the weighing, and gave in evidence of serious inaccuracies in the weights as thus made elsewhere and reported to them.

Upon the above evidence the Corporation Commission found the facts in accordance therewith and ordered that "the defendant furnish track scales at Elm City for the purpose of weighing all car load shipments from that point." Upon appeal by the defendant to the Superior Court, the evidence was substantially the same except the additional fact that the petitioner expected to get through cutting timber at Elm City in two years, when its plant would be removed to Kenly, another point on the defendant's road, where it would have ten years' cutting, and the scales could be removed to that point for the same use. The plaintiff tendered the following issues:

1. Is it reasonable that the Atlantic Coast Line Railroad Co. be required for the convenience of shippers of freight to put in track scales at Elm City?

2. Are track scales a necessary convenience for the use of shippers of freight at Elm City?

At the close of the plaintiff's evidence the defendant offered no evidence, but demurred to the plaintiff's evidence. The plaintiff asked the court to instruct the jury to answer both issues "yes." To the refusal of the court to submit the issues tendered and also to the refusal to instruct the jury as prayed, the plaintiff excepted. The court held with the defendant on the ground as stated in the judgment that the Corporation Commission "had no power under the law to make the order appealed from, sustained the demurrer on that ground and reversed the judgment" of the Corporation Commission.

There was error in the judgment that the Corporation Commission "had no power under the law to make the order appealed from." The power of the Legislature to supervise, regulate and control the rates and conduct of common carriers has come down to us from the remotest times of the common law, and that this regulation may be exercised either directly or through a commission has been repeatedly held by this court and by the Supreme Court of the United States. *Railroad Connection Case*, 137 N. C., at p. 15, and cases there cited. The contest here is simply and subsantially a reiteration of the issue in that case, which is whether the State, through its Corporation Commission, has power to exercise a "general control and supervision or railroads" within this State in their dealings with the public.

Section 1 of the act creating the Commission provides that it "shall have such general control and supervision of all railroads * * * companies or corporations engaged in the carrying of freight or passengers * * * necessary to carry into effect the provisions of this act." Section 2 empowers and directs the Commission "to make just and reasonable rules and regulations for the handling of freight and baggage at stations." Section 17 provides that "all railroad

139—9

companies in this State shall on demand issue duplicate freight receipts to shippers, in which shall be stated the class or classes of freight shipped and the freight charges over the road giving the receipt."

A literal compliance with the last clause would require on demand of the shipper that the articles shipped be weighed in every instance, that the shipper may see for himself what he must pay. But inasmuch as at many stations the quantity of freight shipped in car load lots would make it an unnecessary burden to require at such points means of weighing car loads to ascertain the freight to be charged, the Corporation Commission, under the further clause, section 2 (12), to "require depot accommodations commensurate with the business and revenue" has not required track scales at all points, but has made reasonable rules for regulating, by a standing estimate, the weight in car load lots of different articles shipped from such stations. But this is not in derogation of the right and duty of the Commission to require track scales or other proper facilities for weighing car load freight to be put in at such points as the quantity of business may justify it. The Commission can order new depots (Laws 1899, ch. 164, section 2 (12) ), established wherever they are needed, *R. R. Co. v. Minn.*, 193 U. S., 63, and of course has the lesser power to require proper facilities at those already established. This subsection provides that the Commission may require "the erection of depot accommodations commensurate with such business and revenue."

The traffic manager of the defendant on the trial before the Corporation Commission, in his evidence, rested his opposition largely upon the ground that he "did not wish a precedent set that the Corporation Commission could order track scales put in anywhere, because they might order them at points where the business would not justify it." His defense and the judgment below are to the same effect, i. e., a denial of the power of the Corporation Commission to require

such accommodations to be rendered the public. But this is error. The power does exist. It cannot be unreasonably exercised, and such orders are subject to review by the Superior Court and by this court. The court should have left the reasonableness of the order to the jury upon proper instructions as to the law. The ruling that the Commission "had no power" to make such orders deprived the complainant of any opportunity of presenting his contentions as to the reasonableness of the order for review. The traffic manager's view (which was sustained by the court below) leaves such orders absolutely to the railroad's own will and pleasure, and if its refusal is unreasonable and unjust, there would be no correction.

It was precisely for this reason that the Corporation Commission was created, an impartial body representing neither the shipper nor the railroad, to supervise and control the operations of these great corporations that justice may be done shippers and the public by reasonable orders and requirements, such orders being subject, if unreasonable, to review by the same tribunals which protect and safeguard the lives, the liberty and the property·of every citizen in the land —the courts with their juries and judges. It is in this way that a demand like that made by the petitioner in this case shall be held reasonable or unreasonable, and not by the arbitrary and irreviewable decision of the defendant. It would be as just to place the granting of the demand in the irreviewable power of the shipper as to give the refusal of the request to the other party. The Corporation Commission was created as an impartial tribunal to decide such matters, "to have general control and supervision of all railroad * * * companies or corporations, and of all other corporations engaged in carrying freight or passengers." "Track scales" are not specifically mentioned in the act, but there is the power to "require depot accommodations commensurate with the business and revenue" at the respective stations and

to require "repairs or additions" to any station, "the removal or establishment of a station," the raising or lowering the tracks, etc., to promote the "convenience or accommodation of the public." There was no intention to give a schedule of the thousands of appliances used in handling the business of common carriers, nor to enumerate the countless dealings between them and their patrons, which such Commission should supervise. The clearly declared purpose was to put the control and supervision of the whole matter in the hands of an impartial Commission, with power to make reasonable rules and orders, subject to the right of appeal by either party, the shipper or the carrier, to the courts instead of leaving such dealings to the unrestricted will of one party—the carrier.

This appeal rests solely upon the denial of power to make any order in the premises. It cannot be said that there was no evidence tending to show that the order was reasonable. The defendant had put in track scales at other points where fewer car loads were shipped. It offered to put in the scales if the petitioner would pay higher rates (amounting annually to nearly the full cost of scales and of putting them in), than was paid by shippers at points where such scales had been put in. Indeed this was a discrimination against the petitioner. The petitioner had for five years been denied its request for like facilities with the stations shipping less lumber, and it should not be deemed unreasonable *per se* to order such facilities because only two years remained. Besides, the defendant could remove the scales when no longer needed. At least, there was evidence to submit the reasonableness of the order to the jury. Under the statute "depot accommodations should be commensurate with the business and revenue." Certainly it would have been a discrimination to have required, as the defendant proposed, that the defendant would put in the scales in consideration of adding one-fourth cent to the rate of 8 cents per cwt., now charged the

petitioner, being about $950 per year for weighing (as was the defendant's duty) the petitioner's lumber. The petitioner was not unreasonable in asking that the lumber be weighed there instead of at Pinner's Point, especially in view of the admission that the weights at the latter point, as reported thence, had varied near 25 per cent. per car load on the same class of lumber.

The defendant pressed the point that this petition "affected only one point and one shipper," and was, therefore, a discrimination. All such petitions and orders must necessarily apply to the one station where the additional facility is demanded. If the defendant itself was passing upon the application it would only consider the necessity for it at that point. It would be unreasonable to the defendant to apply such order to all stations. Nor is it material to the defendant that the $30,385 freight was paid on car load lots shipped by one shipper, there being only 42 car loads shipped by. others. It is not the number of shippers, but the number of car loads to be weighed which is the test whether it is reasonable to have facilities for weighing car loads upon track scales at that point. The petitioner itself consists of several persons. It is not to be discriminated against because it is a corporation.

We were more inclined to be impressed with the argument that the petitioner would only cut lumber two years longer at that point, but on the other hand the petitioner had already shipped lumber from that point for five years, during much of which time they had been in vain asking this facility that they might see their lumber weighed and the freight for the two years to come to be paid by the petitioner would be over $60,000, which would well seem to justify the furnishing track scales at a cost of one thousand dollars (which the defendant had put in at several points making smaller shipments), especially taken in connection with the further evidence that the petitioner has ten years' cutting at Kenly,

another. station on the defendant's road, to which the track scales can then be moved, if the car load shipments at Elm City will not justify keeping them there.

It was error to hold that the Corporation Commission "had no power" to make the order, and it was also error to refuse to submit to the jury the issues tendered by the plaintiff as to the reasonableness of the order and the necessity for such appliances for shippers of freight at Elm City.

Not only was the plaintiff's request to submit issues as to the reasonableness and necessity for the order refused by the court, but the court did not pass upon them itself, for, instead of ruling upon the defendant's demurrer to the evidence upon its merits, the court held *ex mero motu* that the Commission had no jurisdiction of such cause of action and no cause of action was stated, for it reversed the order on the ground, as stated in the judgment, because "the Corporation Commission had no power to make the order applied for." If such ruling was error, we must so hold, for it is the only question presented by the appeal, and the case must go back that the court or the jury, upon proper instructions, as the case may be, may pass upon the reasonableness and necessity of the order in controversy. This is not the case where a demurrer to the evidence is sustained on the merits, but, here, the ruling that the Corporation Commission had no jurisdiction because of want of power, in fact cut the court off from any ruling upon the demurrer to the evidence.

It may be that upon the reinstatement of the case and trial, the defendant may be able to put in evidence presenting sufficient reasons why the order sought is not reasonable and just, or in the lapse of time since, the timber may have been cut off so that the scales are not needed (if so, of course, a nonsuit will be taken), or it may be that the petitioner or others at that station may have acquired timber making the scales necessary. These will be appropriate matters to put in evidence at such trial (if the application for the order is

not withdrawn), but do not affect the sole point before us, which is as to the power of the Corporation Commission to make the order. The ruling in effect was that there was a defect of jurisdiction in that the Corporation Commission had no power to make such order, and was

Error.