## W. H. GRIFFIN v. SOUTHERN RAILWAY COMPANY.

(Filed 24 March, 1909.)

**1. Railroads—Cities and Towns—Use of Streets—Assent of Town.**

A railroad company has the right to use the streets of a town for legitimate railroad purposes, with the assent of a town, having statutory powers, given by resolution of its board of aldermen. (Revisal, sec. 2567, subsec. 5.)

**2. Railroads—Corporation Commission—Union Depots—Inherent Powers—Cities and Towns—Use of Streets.**

The statute authorizing the Corporation Commission to order union stations to be built and maintained carries with it the power to do what is reasonably necessary to execute such order, including the use of the streets of a town for legitimate railroad purposes, the laying of tracks, etc., necessary to that end.

**3. Railroads—Cities and Towns—Use of Streets—Ministerial Duties—Power of Courts—Injunction.**

The action of the board of aldermen in authorizing a railroad company to use a certain street for legitimate railroad purposes, the laying and use of tracks, etc., when the statutory power is given, is not reviewable by the courts at the instance of an owner of land on the street, claiming that some other street should have been so used.

**4. Railroads—Cities and Towns—Use of Street—Tracks—Additional Servitude—Remedy—Damages—Injunction.**

The remedy of an owner of land on a street which has been used for railroad purposes, the maintenance of track, etc., against a railroad company using additional tracks necessary to maintain a union depot, is by an action for damages for a superimposed burden upon the street, and not by injunction.

**5. Railroads—Cities and Towns—Use of Streets—Tracks—Assent of City—Corporation Commission—Public Good—Injunction.**

The progress of work, apparently for the public good, such as the laying of a track on a city street by railroad companies to maintain a union station authorized by the city and ordered by the Corporation Commission, will not be interfered with by injunction.

**6. Same—Power of Court—Supreme Court.**

It appearing in this case that certain railroads had been improperly restrained by a private owner of lands from building tracks along a city street, with the approval of the city, and done in order to build and maintain a union depot ordered by the Corporation Commission about two years previously, judgment dissolving the restraining order was entered in the Supreme Court. (Revisal, sec. 1542.)

INJUNCTION proceedings, from Wayne, heard at chambers, at Goldsboro, by *Lyon, J.,* 25 January, 1909.

Defendant appealed.

*F. A. Daniels, Aycock & Winston* and *W. T. Dortch* for plaintiff.

*W. B. Rodman, J. H. Pou* and *I. F. Dortch* for defendant.

CLARK, C. J.   On 5 July, 1905, the Board of Aldermen of Goldsboro, N. C., petitioned the Corporation Commission to order the three railroads entering that city to establish a union passenger station.   After sundry proceedings, which are set out in 142 N. C., 394-396, the three railroads concerned agreed upon a location for said union passenger station on the western edge of the town.   The Corporation Commission, after full investigation, approved the location so chosen, and directed the erection of the building at that spot, as they were empowered to do.   Revisal, sec. 1097 (3).   Certain persons, being dissatisfied, sued out a restraining order, which the judge below dissolved, and this Court affirmed his action.   *Dewey v. Railroad,* 142 N. C., 392.   The railroads have jointly erected said building, and all three have laid their tracks to the new union station.   The plaintiff, who owns land abutting on Beech Street, between James and George streets, a distance of 420 feet, has sued out this restraining order against the Southern Railway Company to prohibit it from using that part of Beech Street (between James and George), and has thus brought the whole matter to a standstill, though the station is completed and the tracks of all three railroads have been graded and laid for the purpose of using said joint passenger station, in compliance with the order of the Corporation Commission.

The Revisal, sec. 2567 (5), expressly grants to railroad companies the right to use the streets of a town or city, with "the assent of the corporation of such city."   The assent of the city to the use of Beech Street by the defendant railroad companies for this purpose has been duly given by resolution of its board of aldermen.   Besides, as *Hoke, J.,* well says, in *Dewey v. Railroad, supra,* 401, when the statute authorized the Corporation Commission to order the union station, that carried with it the

right to do whatever is reasonably necessary to execute such order, which the defendant was executing. *Industrial Siding case,* 140 N. C., 239; *Corporation Commission v. Railroad,* 139 N. C., 126. This is also held in *Osborne v. Railroad,* 147 U. S., 248; *Staton v. Railroad,* 147 N. C., 428.

The city clearly possessed the statutory right to assent to the use of the street by the railroad company. This is often a most essential power, necessary to be used for the benefit of the people .of the city. The plaintiff, however, seeks to show that the defendant might have gone along some other street. If so, some lot owner there could retort that the railroad ought to go along Beech Street. The designation of the street to be used is a matter to be determined by the governing body of the city, with an eye to the general welfare. Besides, there has been a railroad track on Beech Street, from James to George (this very *locus in quo*), since 1873, and the trains of defendant and of the Atlantic and North Carolina Railroad have been using this track daily for all that time—thirty-six years. It is true it was in use as a "Y," and also more lately for access to an industrial plant, but the plaintiff acquired the property knowing that the railroad tracks were there and in daily use to any extent the railroad companies saw fit. The plaintiff does not own any interest in the soil of the street. If there is any additional servitude, the plaintiff's remedy is by an action for damages, not for an injunction.

In *Staton v. Railroad,* 147 N. C., 428, *Connor, J.,* says: "It is clear that the Williamston and Tarboro Railroad Company or its successors, could, under the grant of the right of eminent domain, have condemned a right of way over Albemarle Avenue and, by paying compensation or permanent damages to the abutting owners, have acquired the right to construct and operate its road pursuant to the rights and privileges and franchises conferred in the charter. The owners of the property would not have been entitled to an injunction to restrain such condemnation or use. Whatever may have been the rights of the owner of the property in 1870, when the road was constructed along Albemarle Avenue, it is clear that the plaintiff, having purchased the property after the road was constructed and while it was being operated, will not be allowed to enjoin its use in a proper

manner. * * * That the public would in many ways. be seriously injured is manifest. Courts never enjoin the construction or use of public utilities and improvements at the suit of private individuals, unless the damage is both serious in amount and irreparable in character. *Navigation Co. v. Emery,* 108 N. C., 130.".

It is against the policy of the law to restrain industries and such enterprises as tend to develop the country and its resources. It ought not to be done, except in extreme cases, and this is not such an one. It is contrary to the policy of the law to use the extraordinary powers of the court to arrest the development of industrial enterprises or the progress of works prosecuted apparently for the public good, as well as for private. gain. The court will not put the public to needless inconvenience. The court should have dissolved the restraining order. *Walton v. Mills,* 86 N. C., 280; *Dunkart v. Rhinehardt,* 87 N. C., 224; *Lumber Co. v. Wallace,* 92 N. C., 23; *Lewis v. Lumber Co.,* 99 N. C., 11; *Navigation Co. v. Emery,* 108 N. C., 130; *Commissioners v. Lumber Co.,* 114 N. C., 505; *Railroad v. Lumber Co.,* 116 N. C., 924; *Land Co. v. Webb,* 117 N. C., 478; *Merrick v. Railroad,* 118 N. C., 1082; *Wynn v. Beardsley,* 126 N. C., 116.

The chief street in Goldsboro, running through its center and for the whole length of the town, has been used for over seventy years by one railroad, for sixty years by two, and for half a century by all three of these same railroads. It is singular that it should now be contended that 420 feet of this remote street, almost on the very edge of the town, cannot thus be used, with the assent of the town, whose charter confers on it the right to change and even abolish any street.

As the order to establish this union station was made by the Corporation Commission, at the request of the town authorities and for the convenience and comfort of the traveling public, nearly two years ago, and the railroads were on the point of beginning the use of the station and tracks, upon which they have expended considerable sums, in obeying the order of the Corporation Commission,. judgment dissolving the restraining order will be entered in this Court, as was done in *Railroad Connection case,* 137 N. C., 21, and cases there cited. Revisal, sec. 1542.

Reversed.