### 10795

### BRUCE v. GREEN *ET AL.*

#### (110 S. E. 77)

EXECUTORS AND ADMINISTRATORS—FINDING AGAINST CLAIMANT FOR SERVICES SUSTAINED.—On a claim against the estate of a decedent for services rendered, evidence *held* to sustain a finding against claimant.

Before PRINCE, J., Greenville, April, 1921. Affirmed.

Proceedings by J. J. Bruce, administrator of the estate of Elizabeth Langston, deceased, against Mary A. Green and others, to sell property for partition and to pay debts. On reference to a master, Annie Lawson filed a claim for services. The claim was disallowed, the report of the master was affirmed on exceptions, and claimant appeals.

The decree of Judge Prince was as follows:

"The master filed his report in the above case on the claims filed against the estates of Elizabeth and M. L.

Langston disallowing the claims filed by Mrs. Sallie Lawson
and O. Perry Brown and also disallowing the greater por-
tion of the claim filed by Mrs. Jessie Brothers.    No excep-
tions were filed to the master's report except by the attorney
for Mrs. Lawson and O. Perry Brown, and this case was
heard by me upon their exceptions to the master's report.
The testimony shows that Mrs. Langston was a very old
woman, who was a professional beggar.    After her hus-
band's death, Sallie Lawson went to live with her and they
went on begging trips. The proceeds of such trips seem to
have been used by them for their support.    Mrs. Lawson
testified that in consideration of her living with Mrs. Lang-
ston and taking care of her that the latter was to give Mrs.
Lawson upon her death the house and lot owned by Mrs.
Langston.    Upon argument before me it was admitted that
Mrs. Lawson could not take the specific property, but that
the agreement to which she testified should avail her to show
that Mrs. Langston intended to compensate her for her serv-
ices.    I have carefully considered all the testimony in the
case, but have been unable to find any specific testimony
which would warrant me in saying what would be reason-
able compensation to Mrs. Lawson for such services as she
may have rendered.    The testimony is vague and indefinite.
It does not show what time was spent in begging expeditions,
how much was received from that source, nor how it was
spent.    It does not show how much time was devoted by
Mrs. Lawson to caring for and nursing Mrs. Langston, nor
does it show what specific services were rendered by the
former to the latter.    The Court is not permitted to guess at
the value of services rendered, and the testimony is too
vague and indefinite to enable me to arrive at even an ap-
proximate estimate of what services, if any, were rendered
and the value of said services.

"As to the claim of O. Perry Brown the same condition
exists.    In his testimony, when asked what the services were
worth, he could only say that he guessed they were worth

about $100; but he does ·not point out the specific services
rendered, nor does his testimony show what his services,
if any, were worth.   As to this claim the Court is in the
same situation as in the claim filed by Mrs. Lawson.

"It is therefore ordered that the claims filed by Mrs. Sallie
Lawson and O. Perry Brown be, and the same are hereby,
disallowed, and that the report of the master on claims here-
in filed be, and the same is hereby, confirmed.

Further ordered that this case be re-referred to the master
to ascertain and report what would be a reasonable fee for
Messrs. Martin & Blythe, attorneys for the administrator,
in this action."

*Mr. Adam C. Welborn,* for appellant, cites: *Services hav-
ing been rendered the law presumes a promise to pay*:   3
Black 161.

*Messrs. Martin & Blythe,* for respondent, cite·: *Findings
of fact in equity case, or in a law case referred by consent,
affirmed by the Circuit Court will not be disturbed on appeal
unless unsupported by any evidence*: 13 S. C. 37; 74 S. C.
189; 82 S. C. 40; 72 S. C. 270; 90 S. C. 319; 77 S. C. 414;
78 S. C. 457; 95 S. C. 245. *That which was originally in-
tended as a gratuity cannot afterward be converted into a
debt*: 2 Bay (2 S. C. L.) 101; 2 Bail. (18 S. C. L.) 308.

December 19, 1921.

· The opinion of the Court was delivered by MR. JUSTICE
FRASER.

Mrs. Langston owned a lot and an interest in another lot.
Mrs. Lawson lived with her and they worked together, or
with common purpose, when not together, unless they· were
at outs with each other.   The business was street begging.
Mrs. Langston died and Mrs. Lawson put in a bill against
Mrs. Langston's estate for $1,500, for services rendered.
The master and Circuit Judge found against Mrs. Lawson's
claim and she appealed.

There are several exceptions, but they are not separately stated in argument and need not be separately treated here.

The findings of the master and Circuit Judge are fully sustained by the evidence. There was no evidence to sustain an account for money against Mrs. Langston's estate. There is no evidence that Mrs. Lawson performed any specific act of service. The only evidence of their terms of association was that at times Mrs. Langston expressed her purpose to give her house to Mrs. Lawson for her services, but there was no evidence that she made any effort to do so or had in any way bound herself to do so.

The judgment is affirmed.

Let the decree of Judge Prince be reported.