Civil action to enjoin defendant from cutting timber on plaintiff's land.
On 20 November, 1935, the defendant took from W. J. Brown and wife timber deed for certain oak timber on 1,207 acres of land situate in Johnston County, with right to cut and remove same at any time within five years, which said timber deed has not been recorded, or is subsequent in registration to deed from W. J. Brown and wife to E. H. Lawhon for the land upon which the timber stands.
O. L. Duncan is the holder of a mortgage on said lands given by W. J. Brown and wife to secure the payment of $350.00 with interest from 28 November, 1936. The validity of this mortgage is not questioned. Defendant offers to assume payment of the debt secured by the mortgage.
In September, 1936, W. J. Brown and wife conveyed to E. H. Lawhon, by deed properly registered, the 1,207 acres in question.
It is the contention of the plaintiff that at the time he took deed for the land in question the defendant had already cut over the whole 1,207-acre tract, and had removed the oak timber which he had purchased. *Page 261 
Plaintiff also alleges irreparable damage, the insolvency of defendant, and asks that further cutting be enjoined and that he recover for the timber already wrongfully cut.
It appearing that E. H. Lawhon, as agent of W. J. Brown, negotiated the sale of the oak timber to J. D. McArthur, and the only consideration for plaintiff's deed was the services he rendered in making said sale, the court held that plaintiff was neither a creditor nor purchaser for value within the meaning of the statute as against the defendant, and directed that the temporary restraining order be dissolved and action dismissed. Plaintiff appeals, assigning error.
The facts are in dispute, and the case involves the cutting of timber trees. C. S., 845; Stewart v. Munger, 174 N.C. 402, 93 S.E. 927. The usual course in such circumstances is to continue the restraining order to the hearing, or else to require the defendant to give bond in the meantime. C. S., 846; Lewis v. Lumber Co., 99 N.C. 11, 5 S.E. 19; Lumber Co. v.Wallace, 93 N.C. 22; R. R. v. Transit Co., 195 N.C. 305,141 S.E. 882. At any rate there was error in dismissing the action.Grantham v. Nunn, 188 N.C. 239, 124 S.E. 309; Sutton v. Sutton,183 N.C. 128, 110 S.E. 77; Bradshaw v. Comrs., 92 N.C. 278; McIntosh, N.C. Prac. Proc., 994.
Error.