J. W. BAXTER v. T. F. BAXTER.

*Practice—Injunction—Personal Property Exemption.*

The title to personal property cannot be tried by injunction ; *Therefore,* where a Sheriff levied upon certain personal property, which had been allotted to the defendant in the execution as his personal property ex-emption and remained in his possession, and was restrained by injunc-tion from selling the same ; *Held*, to be error.

BAXTER *v.* BAXTER.

INJUNCTION heard at Fall Term, 1875, of CURRITUCK Superior Court, before *Eure, J.*

The defendant, as Sheriff of Currituck County, levied on certain articles of personal property belonging to the plaintiff. Thereupon the plaintiff applied for, and obtained an order restraining the Sheriff from selling the same, on the ground that said articles had already been assigned to him, as his personal property exemption ; and that they were not present or in view of the Sheriff at the time of the alleged levy.

From said order the defendant appealed.

*Messrs. Gilliam & Pruden,* for plaintiff.
*Mr. W. N. H. Smith,* for defendant.

FAIRCLOTH, J.   This action was brought to restrain the defendant, T. F. Baxter, as Sheriff, from selling under an execution certain personal property, which had been assigned to the plaintiff, J. W. Baxter, as his personal property exemption, which is still in his possession.

The argument before us referred to the sufficiency of certain levies made by the Sheriff, and to the effect of an order made in the Bankrupt Court.   We do not enter into these questions, as we are of opinion that the plaintiff has no cause of action and therefore cannot maintain it, on the ground that his possession of said property has not been disturbed by the defendants.

Should they seize it, as it is alleged they threatened to do, the plaintiffs may continue their possession under C. C. P. § 177, (sub § 4), and try the title regularly and not by injunction.

The practice of trying title to *personal* property by injunction has not been adopted in this State.

There is error.

PER CURIAM.   Judgment reversed and action dismissed.