JAMES L. OUSBY et al. v. JAMES B. NEAL et al.

*Injunction — Receiver.*

While the Act of 1885, (Ch. 401,) dispenses with the necessity for an allegation of insolvency of the persons against whom an injunction is sought to restrain a trespass continuous in its nature, or the cutting of timber trees, it does not limit the discretion of the Court to make such orders as may be necessary to protect the rights of the parties pending the litigation ; and where the trespass is admitted or proved, the Court should require the defendants to execute a bond to secure the plaintiffs against any damages they may recover upon the final determination of the action, and upon failure to do so, appoint a receiver or make such other order as may be necessary to secure the rights of the parties.

This was a motion to DISSOLVE A RESTRAINING ORDER, granted in an action pending in CARTERET Superior Court, heard before *Avery, J.,* in Chambers, on December 1st, 1887.

The plaintiffs allege that they are the owners of a tract of land described in the complaint, situated in the County of Carteret, containing four hundred acres, more or less; that the defendants, by their agents, &c , after having been forbidden by the plaintiffs so to do, have trespassed upon the land by cutting down the timber trees growing thereon, selling and carrying off the same, and are now trespassing and cutting timber thereon and hauling it therefrom, and they threaten to continue to do so ; that the land is unoccupied and unenclosed, and chiefly valuable for the timber trees growing and standing thereon, and that it is specially valuable for those which command a ready sale; that a continuance of the trespass as aforesaid " will work irreparable injury to the plaintiffs, and if persisted in will render their land valueless"; that they have already been damaged at least $100, and if the trespasses are continued and all the trees cut from the land they will be still further endamaged

at least $500 ; that neither of the defendants are worth any-thing above the exemptions allowed by law, and they ask judgment for $100 damages sustained, and that the defend-ants be perpetually enjoined from trespassing in any way on the land.

The defendants answer and deny title in the plaintiffs, and allege title in the defendant Smith. They admit that the land is mainly valuable for timber, and that the defendant Smith has caused to be cut and sold therefrom some of the timber growing thereon, but they deny that they have been forbidden to do so, and it is denied that the defendant Neal has cut or sold any of the timber from the land.

They deny irreparable injury, &c., and all damage to the plaintiffs.

They deny the allegation that neither of the defendants is worth anything above the exemptions allowed by law, and say the defendant Neal is a man of considerable means and worth largely more than his exemptions allowed by law; that he is amply able to answer the plaintiffs in damages, and that any judgment they may recover against him can readily be collected by legal process.

They further allege that the defendant Smith and those un-der whom he claims have been in the sole, undisputed and continuous possession of the land for twenty-five years, using the same, as it can only be used, for wood, &c.; and they rely upon the bar of the statute, &c.

The motion to vacate the restraining order was granted, and plaintiffs appealed.

*Mr. John Devereux, Jr.,* for the plaintiffs.
No counsel for the defendants.

DAVIS, J., (after stating the case). Chapter 401 of the Acts of 1885 provides " that in an application for an injunc-tion to enjoin a trespass on land, it shall not be necessary to

allege the insolvency of the defendant when the trespass complained of is continuous in its nature, or is the cutting or destruction of timber trees."

The purpose of this action is to recover damages for the alleged trespasses mentioned in the complaint, and to perpetually enjoin the defendants from trespassing on the lands described.

It is insisted by the plaintiffs that it was intended by the Act just recited that in trespasses of the character complained of the injunction should not only issue without any allegation of the insolvency of the defendant, but should be continued to the hearing.

While the statute relieves plaintiffs of the necessity of alleging the insolvency of defendants in trespasses of the class named, we apprehend it was not the purpose of the law to limit the power of the Court in the exercise of its discretion in making such orders as will protect the rights of all parties in respect to the subject matter about which the litigation may be pending.

The rulings of the Court in *Lewis* v. *Lumber Co., ante,* 11, following the decision in *Lumber Co.* v. *Wallace,* 93 N. C., 22, are applicable to and govern this case.

The defendants should be required to execute such reasonable bond, with sufficient security, as the Court may deem proper, payable to the plaintiffs, conditioned to secure to them such damages as the Court may adjudge in their favor upon the determination of the action, and in the event of failure to give such bond the Court may make such order or orders in the cause by the appointment of a receiver, or otherwise, as will protect the rights of the parties pending the litigation.

This will be certified to the Superior Court, that the parties, if they so desire, may proceed in accordance with this opinion.

Modified and remanded.