MILLIE SHARPE et al. v. C. D. LOANE & CO.

(Decided February 21, 1899).

*Injunction—Trespass.*

A Court of Equity will not enjoin an ordinary trespass, unless it is shown that the injury will be irreparable and incapable of compensation in money value.

APPLICATION FOR INJUNCTION, in suit pending in HERT-FORD Superior Court, to enjoin the commission of trespass by the defendants, heard before *Brown, J.,* at CHAMBERS. The trespass complained of was the cutting of timber trees and hauling them off to be sawed at defendants' mill. The parties appeared in obedience to the order to show cause, and both sides were heard upon affidavits.

His Honor refused the injunction, but required the defendants to file a bond of indemnity.

The plaintiffs excepted and appealed.

*Messrs. Winborne & Lawrence,* for plaintiffs (appellant).
*Mr. Francis D. Winston,* for defendants.

124—1

FAIRCLOTH, C. J. The plaintiffs and defendants claim to be the owners of certain lands in Hertford County, called "Cow Island," and in this action the plaintiffs ask for an injunction against the defendants to prevent trespassing on said lands. The alleged trespass consists in cutting timber trees and removing them to defendants' mill, and converting them into lumber for marketable purposes.

It is conceded that defendants are solvent and able to respond in damages for any injury the plaintiffs may sustain.

After reading affidavits and hearing the arguments, his Honor required the defendants to enter into sufficient bond to protect the plaintiffs, and to render and file a statement of the trees, etc., removed, with the Clerk at stated periods, and dissolved the restraining order theretofore granted, from which the plaintiffs appealed.

No special or irreparable damage is alleged, only such as above stated. Will a Court of Equity enjoin an ordinary trespass? The rule has ever been that it will not, unless it is shown that the injury will be irreparable and incapable of a just compensation in money value. *Ousby v. Neal,* 99 N. C., 146.

The plaintiffs admit that the authorities are against them, and cite *Gause v. Perkins,* 56 N. C., 177; *Lumber Co. v. Wallace,* 93 N. C., 22; and *Lewis v. Lumber Co.,* 99 N. C., 11, but insist that the principles announced in those cases are unjust and inequitable. They cite no authority in support of their view, and the argument fails to satisfy us that their proposition is true. The case of *Gause v. Perkins, supra,* is an exhaustive review of the subject, referring to many decided cases prior thereto, and the decisions since have simply repeated the principle of that case. While this Court is always ready to correct any error, it would hesitate to overrule a long and uniform list of decided cases, in harmony

with all the text-writers, unless it should feel a strong and clear conviction that an unjust rule had prevailed. The present case fails to produce such a conviction.

Affirmed.