Two of the plaintiffs, Rowland and Cooper, are debtors of the other plaintiffs, also of the defendants (except Markham, Sheriff), all secured by various mortgages on different tracts, at different times. The defendant Carr, in addition to his mortgage debt, is also the assignee of a judgment against them, of prior lien to any of the mortgages; and execution has been issued, and is in the hands of Markham, Sheriff, for service.
The object of this action is to require Carr and the sheriff to levy upon and sell the land of the debtors in the order in which it was conveyed in the several mortgages.
The complaint filed and used as an affidavit, is a follows:
1. That Mrs. R. V. James is the guardian of certain infant children and as such several years ago loaned to W. R. Cooper the sum of $1,315, taking his note therefor, and that there is due her by said Cooper the said sum of $1,315, with interest upon the same from the 26th day of August, 1897.
2. That several years ago, the plaintiff Geo. W. Watts loaned to Rowland Cooper the sum of $2,000, and that there is due him thereon the sum of $1,600, with interest from ...... day of .........., 1897.
3. That at the March Term, 1897, of Durham Superior Court one W. O. Blacknall obtained a judgment against said Rowland Cooper for $1,250, interest and cost, which was duly docketed in Durham County.
4. That Rowland Cooper at said time constituted a firm, and were engaged in a general leaf tobacco business. That said firm found itself embarrassed much above its ability to pay, and therefore, the (147) mortgages and other encumbrances hereinafter referred to were executed by the said firm and the individuals composing the same.
5. That on the 26th day of August, 1897, W. R. Cooper and wife executed to Geo. W. Watts a deed of trust to a one-half individual interest in and to the prize house and lot of Rowland Cooper, on the west side of McMannen Street, in Durham, N.C. (for an accurate *Page 103 
description of which reference is made to book 26, page 406, of mortgages of Durham County), in order to secure the above-recited loan of $1,600, and that on the same day the said W. R. Cooper and wife executed to Mrs. R. V. James, guardian, a mortgage on about fifty (50) acres of land in Patterson Township, Durham County, where Ed. Cooper now resides, (for an accurate description of which see book of mortgages No. 26, page 409), in order to secure the above-recited indebtedness of $1,315.
6. That thereafter, to wit, on the 4th day of September, 1897, said Rowland Cooper and their respective wives being indebted to J. S. Carr in the sum of $835.50 and also to the Morehead Bank and the First National Bank in large sums, executed to E. C. Murray, Trustee, a deed of trust upon two lots of land in North Durham, Nos. 24 and 25, of the Link's survey, and also upon a brick store of said Cooper on the north side of Main street, all of said property being accurately described in book of mortgages 26, page 433, a copy of said deed of trust being hereto attached, and marked Exhibit "A."
7. That in addition to said instruments and in order to further secure their said creditors and particularly to pay off the said Blacknall judgment, the firm of Rowland Cooper, during the fall of 1897, executed and delivered a transfer of all its interest in certain property, lying near Murphy, N.C. and which previously belonged to the Murphy Improvement Company, the said interest being worth (148) about $500, and they likewise executed for the same purpose an instrument conveying a judgment for about $1,000 which Revis Baxton, attorneys, state is valid and collectible on certain lots in Johnson City, Tenn., which cost said firm about $30,000, both of which last-named papers were delivered to the Morehead Bank at Durham, N.C. or its agents. That such papers named certain persons therein which were competent to act and directed them to sell the property therein described, and to retain the proceeds to be used in paying off the Blacknall judgment and thereafter certain other creditors named therein. The plaintiff demands a production of said papers at the trial of this action, and prays that the same may be made a part of this complaint.
8. That since the Blacknall judgment was obtained, to wit, within the past thirty days, the same has been purchased by and assigned to J. S. Carr, and the plaintiffs here offered to pay off said judgment, principal, interest and cost, and also the Morehead mortgage on the Cooper store for $3,000, provided that the said Carr and Morehead Bank would assign the same to the plaintiff Watts, with which request they have refused to comply. *Page 104 
9. That the said Murray has been requested to sell under the deed of trust of the 4th of September, and he has refused so to do.
10. That the property conveyed to the said Murray is well worth $6,000, which amount would pay off the first mortgage of about $3,000, to Mrs. Morehead, now held by Morehead Bank, and also the debt to said Carr and James, and nearly all of the Blacknall judgment; and that the Murphy holdings and the Johnson City property are both available and more than ample to pay off the balance due on the Blacknall judgment, the taxes and all other debts of Rowland (149) Cooper, excepting a portion of their indebtedness to the Morehead Bank and the First National Bank.
11. That the said J. S. Carr for and on behalf of himself and the First National Bank, of which he is President, and the Morehead Bank are endeavoring to reverse the equitable and legal order in which the property of said Rowland Cooper shall be sold by the sheriff in order to pay off the debts of said firm and of the individuals composing the same. That to this end they have instructed the sheriff of Durham County to sell, and unless restrained by this Court, he will sell on the 6th of March, 1899, the following property of said Rowland Cooper, or either of them, to wit: first, the prize house lot hereinbefore described; secondly, the Alston Avenue tract of fifty (50) acres; third, the excess over the Cooper homestead; fourth, the excess over the Rowland homestead; not selling or offering to sell any lands upon which said Carr or either bank holds a mortgage.
12. That if said sale is carried out the interest of the plaintiffs James and Watts, as above set out, will be destroyed, and they will lose nearly their entire debts, and thereby a preference will be given to the Morehead Bank and the First National Bank, which was not contemplated by said Rowland Cooper, and contrary to their directions as set out and explained in the instruments hereinbefore referred to, and that the plaintiffs James and Watts have equities which are prior in time and superior to those of the defendants in the lands proposed to be sold by the sheriff as aforesaid.
13. That the next term of Durham Superior Court begins on March the 27th, and the plaintiffs are advised that no legal sale can take place during the month of March until during the first three days of said court.
14. Plaintiffs again agree to pay off the Blacknall judgment, (150) principal, interest and cost, provided it be transferred to said Watts, and hereby tender a sum sufficient to accomplish said transfer. They likewise agree to pay off the mortgage on the Cooper *Page 105 
store, provided the same be transferred to said Watts, and hereby tender a sum sufficient to accomplish said payment and transfer.
15. That said J. S. Carr, Morehead Bank and First National Bank elected to take under said aforementioned instruments, and took thereunder, and are estopped to deny the validity of same or the order of sale therein provided. Whereof plaintiff pray that said sale be restrained, and that the property hereinbefore described shall be sold in the order in which it was mortgaged to the respective mortgagees and trustees, and plaintiffs pray that when this complaint is duly verified it may be deemed an affidavit in the cause, and as in duty bound they will ever pray.
16. That suit has been begun in Durham Superior Court in favor of plaintiffs and against defendants as above.
W. H. Rowland, being duly sworn, states that the facts set forth in the foregoing complaint are true, except as to such as are stated upon information and belief, and as to those, he believes them to be true.
W. H. ROWLAND.
February 24, 1899.
Sworn to and subscribed before me, February 27, 1899.
C. B. GREEN, C. S.C.
His Honor, Bryan, J., at the hearing at Durham, March 27, 1899, ordered that the restraining order be dissolved and the motion for injunction to the hearing be denied.
Plaintiffs excepted, and appealed.
The plaintiffs then prayed the court to indicate what amount of bond would be required to stop the execution sale, pending the appeal. His Honor declined to indicate the amount of bond, or to stop said sale pending plaintiff's appeal to the Supreme Court. (151) Plaintiffs excepted, as an additional ground for their appeal.
The plaintiffs Rowland Cooper are the common debtors of the other plaintiffs and the defendants, except Markham. The defendant Carr is a creditor by judgment lien of prior date to the incumbrances by way of mortgage of the other creditors.
The object of this action is to compel the judgment creditor to levy upon and sell the real estate of the debtors, all of which was conveyed *Page 106 
at different times and in separate parcels, by the rule of inverse order of alienation, that is, in the order in which it was conveyed in the respective mortgages; the allegations being that by such an order of sale all the debts can be paid, and that if the rule is not observed the other creditors, than the judgment creditor, will suffer.
An order was granted restraining the judgment creditor and the sheriff from selling any of the debtor's real estate under the execution issued upon the judgment, and upon an application to continue the order of restraint — for an injunction until the hearing — the motion was refused, and the restraining order dissolved.
There was no error in the course taken by his Honor. There was no allegation that the judgment or mortgage creditors were insolvent, and no allegation that irreparable loss would come to the plaintiffs if the restraining order was not continued. The main action is still pending, and whatever rights the plaintiffs may have, can be established in that suit.
The plaintiffs further excepted to the refusal of his Honor to (152) allow a bond in the nature of a supersedeas for the purpose of continuing the effect of the restraining order until the hearing, notwithstanding the order had been dissolved by his Honor. No such practice is allowable. "An appeal being merely the act of the party can not of itself affect the validity of the order of the Court, nor can it give new life and force to an injunction which the Court has decreed no longer exists." High on Injunction, sec. 893; Green v. Griffin, 95 N.C. 50.
No error.
Cited: Reyburn v. Sawyer, 128 N.C. 9.