KISTLER v. WEAVER.

(Filed May 11, 1904).

1. INJUNCTIONS — *Personal Property—Insolvency—Pleadings—Acts 1885, ch. 401—Acts 1901, ch. 666.*

> An injunction will not lie to prevent the removal of timber in the absence of an allegation of insolvency of the defendant.

2. INJUNCTIONS—*Personal Property.*

> An injunction will not issue where the title to personal property is the sole question involved, there being adequate remedies at law.

ACTION by Wilson Kistler and others against A. D. Weaver and others, heard by *Judge T. J. Shaw,* at chambers, Morganton, N. C., January, 1904. From a judgment for the plaintiffs the defendants appealed.

*Avery & Ervin,* for the plaintiffs.
*J. W. Pless* and *Zebulon Weaver,* for the defendants.

WALKER, J. This action was brought to recover possession of a tract of land, and damages for a trespass committed thereon in cutting timber and removing from the land the cut timber and the lumber into which some of the timber had been sawed. Plaintiffs allege in their complaint that they are the owners of the land and entitled to the possession thereof, and that the defendants are in the unlawful possession of the same, and are unlawfully and wrongfully cutting and removing timber therefrom and also removing the lumber into which some of the timber had been sawed. There is no allegation of the insolvency of the defendants. Defendants in their answer denied the trespass and also denied the title of plaintiffs to the land and timber and trees, and especially denied their right to an injunction against removing the

lumber.　Plaintiffs moved in the Court below for an injunction restraining the defendants from cutting or sawing any timber trees on the land, and further restraining them from removing any lumber sawed from any timber trees which had been cut on the land.　The Court granted the injunction, providing, however, that, if the defendants gave bond payable to the plaintiffs with good and sufficient sureties in the sum of $600, conditioned to secure all such damages as the plain‧ tiffs may recover in the action, they could remove any and all lumber sawed and manufactured from trees cut on the said premises, and if said bond is filed the injunction should not apply to the removal of the lumber.　To so much of the order of the Court as restrained them from removing the lumber without giving bond as set forth in the order the defendants excepted and appealed.

A court of equity will not enjoin an ordinary trespass, such as entering upon land and working turpentine trees or cutting and making staves thereon, unless irreparable injury is threatened, that is, one for which there can be no sufficient recompense in money.　It is therefore held that in such cases an averment of the defendant's insolvency is necessary, for if he is not insolvent, and the plaintiff can recover an equivalent in money for the loss sustained by the trespass, the damage cannot in any proper sense be called irreparable. *Gause v. Perkins,* 56 N. C., 177, 69 Am. Dec., 728; *Sharpe v. Loane,* 124 N. C., 1; *Lewis v. Lumber Co.,* 99 N. C., 11. By statute (Acts of 1885, chapter 401) it is provided, "That in an application for an injunction to enjoin a trespass on land it shall not be necessary to allege the insolvency of the defendant, when the trespass complained of is continuous in its nature, or is the cutting or destruction of timber trees." This act, as construed, does not deprive the Court of the discretion to require a bond to be given by the defendant to secure plaintiffs' damages or to appoint a receiver, instead

of issuing an injunction. *Ousby v. Neal,* 99 N. C., 146; *McKay v. Chapin,* 120 N. C., 159. By the Act of 1901, chapter 666, it is provided that when there is a *bona fide* contention as to the title of the land or the timber trees thereon, no order shall be entered permitting either party to cut the trees, except by consent, until the title shall be determined, and that, if the claim of one of the parties is not asserted in good faith and based upon evidence establishing a *prima facie* title, then, upon the motion of the other party, if he shall satisfy the Court of the *bona fides* of his claim and produce evidence showing a *prima facie* title, he may be allowed by order to cut the timber trees upon giving bond as required by law.

The plaintiffs, in their brief, or citation of authorities, rely upon these acts and the cases in which they have been construed, but we do not perceive how they can have any bearing upon the particular question presented in this appeal. There was not only no exception to the order of the Court, so far as it enjoined the defendants from cutting the trees, but the defendants conceded the correctness of the order in that respect, as the plaintiffs had made out a *prima facie* case. The only exception is to that part of the order requiring the defendants to desist from removing the lumber, unless they first give a bond to secure any damages plaintiffs may sustain by the removal. The acts relate to the cutting of timber, and the order of the Court to the removal of lumber, so far at least as exception has been taken to it. Even if the plaintiffs could show a good title to the lumber, it would seem that he could not have the defendants enjoined from removing it, because they would have a plain and adequate remedy at law by action, with the ancillary proceeding in claim and delivery, to recover it, or they could recover the value of the lumber in an action for the conversion of it, if

they can show that they are the owners of it, a question which is not now before us for decision.

The courts will not permit a party to resort to the extraordinary remedy of injunction where there is a simple and ordinary remedy at law for the recovery of the property itself, and especially will such relief be denied when the plaintiff who applies for it is in no danger of suffering any loss by reason of the insolvency of the defendant.

An injunction will not issue when the title to personal property is the sole question involved. The question of title cannot be tried in that way. *Baxter v. Baxter,* 77 N. C., 118.

We were not informed upon what principle the ruling of the Court in this case proceeded, but, in any view that we have been able to take of the matter, the decision appears to us to be erroneous. The exception of the defendants is sustained.

Error.