MRS. ORA J. YOUNT, GUARDIAN, *v.* P. C. SETZER.

(Filed 11 May, 1911.)

1. Equity — Injunction — Personal Property—Damages—Remedy at Law.

Ordinarily, the equitable jurisdiction of the court cannot be invoked to restrain the sale or other disposition of personal property when an action at law may be maintained to recover the property, or when the act sought to be enjoined has been committed.

2. Same—Insolvency.

An allegation of defendant's insolvency is generally necessary when a remedy by injunction is sought, except when dispensed with by statute, in cases where compensation in damages affords an adequate remedy.

3. Equity—Injunction—Personal Property—Remedy at Law—Inadequacy.

If irreparable injury can be shown by the commission of an act without proof of insolvency a court of equity will intervene by injunction in proper instances.

4. Same—Note—Transfer Before Maturity — Innocent Purchaser— Guardian and Ward.

When sureties on a guardian's bond have become such upon agreement with the guardian that the securities taken for invest-

ments should remain in their hands for their protection, and it is shown by affidavits that the guardian had sold the lands of the ward and received a note for the deferred payments secured by a lien on the land, which the defendant took from the guardian, and that it had not yet reached maturity, a remedy by injunction in favor of the guardian and sureties is proper to restrain the negotiation of the note by defendant until the hearing, so that it may not get into the hands of an innocent purchaser for value.

**5. Equity—Notes—Injunction—Trust Funds.**

A note received by a guardian for moneys invested for the ward are in the nature of a trust fund, and where there is evidence that a third person has induced the guardian to part with the note without a consideration before maturity, so as to raise serious issues to be passed upon by the jury respecting it, the matter comes within the peculiar province of a court of equity in its jurisdiction over trust funds, and an order restraining the negotiation of the note until the hearing is properly granted.

**6. Equity — Injunction—Notes—Third Persons—Transfer—Innocent Purchaser—Evidence.**

A restraining order upon defendant against the negotiation of a note will not be refused on the ground that the act anticipated has been committed, when it appears that it was given for moneys of a ward invested by the guardian which defendant wrongfully induced from him and transferred to the bank without suggestion that it was for value, particularly when the bank makes no claim to the note.

APPEAL from order continuing restraining order to hearing, heard at chambers, 28 February, 1911, by *Long, J.* From CATAWBA.

The plaintiffs are Ora J. Yount, guardian of George Hoke, and E. C. Burns and T. L. Henkel, sureties on the guardian bond.

The plaintiffs allege in their affidavit: "That from about thirty to forty days ago, the plaintiff, Ora J. Yount, applied to the said E. C. Burns and T. L. Henkel to become her sureties upon a guardian bond, so that she might file a petition and procure the sale of some of the real estate left by her first husband at the time of his death and which was inherited by her said son, George Hoke. That said sureties agreed to become such upon her bond if she would agree that the amount which the land would bring, less the cash payment, should be held by T. L.

Henkel, one of said bondsmen, so that the said bondsmen might be protected and indemnified against loss or defalcation by reason of their suretyship.

"That the said Ora J. Yount acceded to the terms of the bondsmen and agreed that if they would become such that the said T. L. Henkel, one of them, should hold the proceeds arising from the sale of the lands that were to be sold, except the cash payment, and thereupon the said Henkel and the said Burns, said sureties, signed the said bond. That immediately after the said bond was filed, the plaintiff, Ora J. Yount, qualified as guardian as aforesaid. She filed a petition in the Superior Court of Iredell County and procured the sale of a portion of the real estate left by her said husband to his son, George Hoke, and at such sale one Lee Bradford, of Iredell County, became the purchaser at the price of $1,600, of which amount the sum of $500 was paid down, and the residue secured by a note and mortgage, the mortgage being duly registered in Iredell County, the said guardian, Ora J. Yount, having first made to the purchaser a deed to the land in accordance with the order of the court. That after said sale was made, the said Ora J. Yount, guardian, as aforesaid, neglected turning over the said note and mortgage to T. L. Henkel as agreed, and that a short time after receiving it, to-wit, about a week or ten days ago, the husband of the said Ora J. Yount procured said note and mortgage from her and turned the same over to P. C. Setzer, who now holds the same, claiming that he holds it as collateral security or indemnity to himself on account of a transaction between said Setzer and said C. J. Yount, the facts being, as affiant avers, that prior to the time when said note and mortgage was turned over to said Setzer by the said C. J. Yount, that said Setzer had become surety for said Yount at the bank for a sum of money, and the said Setzer required that said Yount turn said paper over to him as indemnity, as aforesaid. That at the time said note and mortgage was so turned over, said Setzer knew, as affiant is informed and believes, that the same had been obtained by her from the sale of the land of her ward, George Hoke, and that the mortgage deed was taken back upon the land so sold by her as guardian.

"That said note and mortgage were not turned over by her

voluntarily to her said husband, and that she only surrendered it to him after she had been importuned to do so by him. Affiant further avers that her said husband has become involved in debt and is insolvent, and that she is not solvent or responsible in law, and that if said note is collected and the funds used by the said P. C. Setzer, defendant, that the bondsmen will be compelled to meet any defalcation that she may make, and she verily believes that she will not be able to respond to her obligation and pay over the funds which have come into her hands as guardian for her son.

"That the said Setzer, since he has procured said note, as affiant is informed and believes, has been trying to sell and dispose of the same, and is claiming his right to hold the same, and refuses to surrender the same, although he has been asked to do so. That plaintiffs have commenced a civil action in Catawba Superior Court by the issuance of summons for the recovery of the possession of said note and mortgage."

The note referred to in the affidavit was exhibited to the court, and it is negotiable and not due. It is payable to the order of Ora J. Yount and is endorsed in blank by her. The defendant filed an affidavit, denying all the material parts of the affidavit of the plaintiffs, and, among other things, alleges: "It is not denied that the defendant, P. C. Setzer, undertook to sell and dispose of the note and mortgage hereinbefore mentioned, and this defendant respectfully showeth to the court that before the issuing and serving of the restraining order herein, that he had transferred and assigned the said note to the First National Bank, of the city of Hickory."

A restraining order was issued, and on the return day it was continued to the final hearing, and the defendant appealed.

The defendant denies the right of the plaintiffs to a restraining order:

1. Because the action is to recover personal property and there is an adequate remedy at law.

2. Because there is no allegation that the defendant is insolvent.

3. Because it appears that the note was transferred before the restraining order was issued.

*Councill & Yount, W. A. Self and C. L. Whitener for plaintiffs.*

*A. A. Whitener for defendant.*

ALLEN, J., after stating the case.  It is true, as contended by the defendant, that ordinarily the equitable jurisdiction of the court cannot be invoked to restrain the sale or other disposition of personal property when an action at law may be maintained to recover the property (*Baxter v. Baxter,* 77 N. C., 119; *Kistler v. Weaver,* 135 N. C., 391), and it requires no authority to sustain the proposition that if the act has been committed it cannot be restrained.

It is also true that an allegation of insolvency is necessary, except where dispensed with by statute, in cases where compensation in damages afford an adequate remedy.  *McKoy v. Chapin,* 120 N. C., 159; *James v. Markham,* 125 N. C., 145; *Porter v. Armstrong,* 132 N. C., 66; *Kistler v. Weaver,* 135 N. C., 388.

We do not think, however, that these principles are applicable to the facts of this case.

The subject-matter of the controversy is a negotiable instrument that has not been dishonored, and it may be assigned to an innocent purchaser.  If so assigned, the holder would become the owner and could enforce payment (Revisal, secs. 2201 and 2206), and the right of the plaintiffs to recover the property would be thereby defeated, while in the ordinary action by the owner to recover personal property a sale by the defendant would not have this effect.

It is also, if the allegations of the plaintiffs are true, a trust fund, which belongs to the ward, George Hoke, and the plaintiffs, who seek to recover it, are the guardian and the sureties on her bond.

Nor does it appear that the note is beyond the control of the defendant.  He says it has been transferred and assigned to the bank, but he does not allege that the assignment was for value, and there is no pretense that it was a gift.  He knows the facts, and it was his duty to disclose them.  If he remains silent, we are justified in concluding that his assignment is not beyond recall, and particularly when the bank makes no claim to the note.

The failure to allege insolvency is not decisive of the right to a 'restraining order, although in many cases it is material. *R. R. v. Mining Co.,* 112 N. C., 662. It is no more than evidence on the question of irreparable injury, and if such injury is shown without proof of insolvency a court of equity will intervene.

Irreparable injury is frequently dependent on the nature of the subject-matter.

*Chief Justice Marshall,* in *Osborne v. Bank,* 9 Wheat., 845, speaking of the grounds on which the jurisdiction of the court of equity to restrain may be placed, says: "One, which appears to be ample for the purpose, is that a court will always interpose to prevent the transfer of a specific article, which, if transferred, will be lost to the owner. Thus the holder of negotiable securities, endorsed in the usual manner, if he acquired them fraudulently, will be enjoined from negotiating them, because, if negotiated, the maker or endorser must pay them. Thus, too, a transfer of stock will be restrained in favor of a person having the real property in the article. In these cases the injured party would have his remedy at law. . . . But it is the province of a court of equity, in such cases, to arrest the injury and prevent the wrong. The remedy is more beneficial and complete than the law can give."

The doctrine is stated accurately and clearly in Pom. Eq., Jur., secs. 1339 and 1340, as follows:

"Sec. 1339. The jurisdiction to grant injunctions restraining acts in violation of trusts and fiduciary obligations, or in violation of any other purely equitable estates, interests or claims in and to specific property, is really commensurate with the equitable remedies given to enforce trusts and fiduciary duties, or to establish and enforce any other equitable estates, interests or claims, with respect to specific things, whether lands, chattels, securities or funds of money, or to relieve against mistake or fraud done or contemplated with respect to such things. In all such cases the question whether the remedy at law is adequate cannot arise; much less can it be the criterion by which to determine whether an injunction can be granted, for there is no remedy at law."

"Sec. 1340. Among the instances in which equity will grant an injunction, preliminary or final, in pursuance of the general doctrine as stated in the foregoing paragraph, the following are some of the most important, and they fully illustrate and establish the doctrine itself, in all its generality, and the grounds upon which it rests: To prevent the transfer of negotiable instruments, at the suit of the defrauded maker or acceptor, or of the party claiming to be the true owner, or who have an interest in them; or the transfer, under like circumstances, of stocks or other securities not strictly negotiable."

The rule was applied in *Caldwell v. Stivewalt,* 100 N. C., 205, and a restraining order granted, although there was no allegation of insolvency. See, also, *Mfg. Co. v. Summers,* 143 N. C., 102.

There is a serious controversy in this action between the plaintiffs and defendant, and issues are raised which must be settled by a jury, and under such conditions the restraining order should be continued to the hearing. *Hyatt v. De Hart,* 140 N. C., 270; *Tise v. Whitaker-Harvey Co.,* 144 N. C., 507.

The case of *Zeiger v. Stephenson,* 153 N. C., 528, in which the same rule is stated, is in many respects like the one we have under consideration, but it is chiefly valuable for the learned discussion of the distinction between common and special injunctions by *Justice Walker.*

We find no error.                                    Affirmed.

HOKE, J., not sitting.