The affidavits of plaintiff tended to show that he bargained to defendant 300 bags of peanuts, at the price of $2,514.87, the peanuts to be delivered on payment of defendant's check for that sum on the Bank of Winton; that, plaintiff and defendant going to the Bank of Winton with the check, plaintiff endorsed same with the purpose of procuring the money, and payment of same was refused. Thereupon defendant said he would not pursue the matter further, and the trade was then and there canceled; that plaintiff left the bank and inadvertently left the note, with plaintiff's endorsement thereon, in the cashier's window, and defendant took and now holds same; that defendant is insolvent and "is threatening to use said check or convert same to his own use."
Defendant answered, and, on oath, alleged that he had bargained with plaintiff for the 300 bags of peanuts and given his check for the amount stated, but stopped payment of the check in plaintiff's presence, on hearing plaintiff say his home had been broken into and a good many bags stolen, and he could not make delivery of all the peanuts sold.
Defendant, admitting that he held the check with plaintiff's endorsement thereon, denied that he was insolvent or that he had any intent to negotiate said check, and deposited same in court, subject to the orders in the cause.
Upon deposit being made, the court entered judgment as follows:
"This cause comes on for trial on motion and notice heretofore issued, and defendant having deposited the check in question in court, accompanied with the written tender filed in court, it is now, on motion of R. C. Bridger and Winston Matthews, attorneys for the defendant, considered and adjudged that the restraining order and temporary injunction heretofore issued and sued on, and the same is hereby dissolved and vacated. It is further considered and adjudged that the clerk of this court will deliver the said check to J. D. Bridger upon proof that there has been a delivery of the 300 bags of peanuts in question. If there be no such delivery, then the clerk of this court shall hold said check in his custody, subject to the order of this court and until the final determination of this action. All costs incident to this motion are to await the final determination of this action and to be adjudged accordingly. This cause is continued."
From this judgment plaintiff appealed.
Under the facts as presented in the pleadings and evidence, plaintiff was entitled to have the negotiation of this check restrained till the final determination of the cause (Yount v. Setzer, 155 N.C. 213; Tise v.Whitaker, 144 N.C. 508), and we think the costs of the proceedings, till the defendant voluntarily deposited the check in court, should be paid by defendant, and the order of his Honor will be so modified.
Inasmuch as the check in dispute is now on deposit with the clerk, and there is no longer any present need for a continuance of the injunction, the judgment of his Honor dissolving the same, and that the check be detained till the final determination of the cause, is affirmed.
The exceptions noted by plaintiff, that he may have the check on delivery of the peanuts, would seem to be in his favor and not open to serious objection from him.
The costs of appeal will be divided and taxed equally against plaintiff and defendant.
Modified and affirmed.