## S. W. CROWDER v. P. T. STIERS.

(Filed 1 March, 1939.)

1. **Execution § 25: Libel and Slander § 15—In order to warrant execution against the person in tort actions jury must find actual malice.**

   In order to warrant execution against the person in an action for slander, as well as in actions for other torts, it is necessary that there be an affirmative finding by the jury upon a separate issue of express or actual malice, as distinguished from the malice implied by law from the utterance of words which are actionable *per se.*

2. **Same—Order for execution against the person in the absence of affirmative finding by the jury of actual malice is irregular.**

   In this action for slander no separate issue of express or actual malice was submitted to the jury.  Upon an affirmative finding by the jury on the issue submitted, judgment was rendered that plaintiff recover the amount of damages awarded by the jury, and the court made an additional finding that the words spoken were false and actually malicious, and ordered that execution against the person of the defendant should

issue upon return of execution against the property unsatisfied. *Held:* There being no waiver of a jury trial on the issue of malice, the judgment, even though not appealed from, does not support the order for execution against the person, and the order in this respect is irregular, an affirmative finding by the jury of actual malice being necessary to support such order.

3. **Judgments §§ 23c, 25c—**

The court, upon proper application, has the power to modify a judgment for irregularity, and to properly define the limits of authority under the judgment.

4. **Execution § 11—Motion to recall execution against the person is proper remedy when such execution is not properly authorized by judgment.**

A motion in the cause to recall execution against the person is the proper remedy when there is no affirmative finding by the jury of express or actual malice to support the order of execution against the person, and the motion to recall is made in apt time when execution against the person is issued under the judgment, since defendant's rights are threatened by the attempted enforcement of the order and not by the rendition of the judgment.

APPEAL by defendant from *Clement, J.,* at Chambers, 9 November, 1938, of ROCKINGHAM. Reversed.

*Sharp & Sharp and Glidewell & Glidewell for plaintiff.*
*Karl R. Massey for defendant.*

DEVIN, J. The question presented by this appeal arose upon a motion in the cause to recall an execution against the person of the defendant. It was contended that the execution was invalid in that it was issued pursuant to a judgment based upon a mere finding by the court as to a material fact not supported by the verdict of the jury.

The facts were substantially these: Plaintiff instituted his action against the defendant for slander. The words spoken were alleged in the complaint to amount to a charge of larceny. Two issues were submitted to the jury and answered as follows: "(1) Did the defendant speak of and concerning the plaintiff the words in substance alleged in the complaint? Answer: 'Yes.' (2) If so, what damage is the plaintiff entitled to recover of the defendant? Answer: '$1,383.'" The trial judge in his judgment, after reciting the issues and verdict, incorporated the finding that the words spoken "were false and actually malicious," and adjudged that plaintiff recover the amount fixed by the verdict, and further ordered that, if execution against the property of defendant be returned unsatisfied, execution issue against the person of the defendant. No appeal from the judgment was entered or perfected.

Thereafter, upon return unsatisfied of execution against the property

of defendant, at the instance of the plaintiff the clerk of the Superior Court issued execution against the person of the defendant and caused his arrest and imprisonment. The defendant then filed his motion to recall the execution, and obtained from the judge of the Superior Court, Judge Clement, a restraining order temporarily restraining the sheriff from taking further steps under the execution, pending a hearing. When the motion came on to be heard, Judge Clement, after finding the facts, dissolved the restraining order, upon the ground that no appeal having been taken from the judgment wherein execution against the person was ordered, he was without authority to modify that judgment. The sheriff was directed to proceed with the execution against the person of defendant. Pending appeal defendant was released on bond.

It is firmly established in this jurisdiction that in order to warrant the arrest and imprisonment of a person in execution in a civil action for slander there must be, upon proper issue submitted, an affirmative finding by the jury of express or actual malice. *Swain v. Oakey,* 190 N. C., 113, 129 S. E., 151. The same rule applies to other torts. *Ledford v. Emerson,* 143 N. C., 527, 55 S. E., 969; *Oakley v. Lasater,* 172 N. C., 96, 89 S. E., 1063; *Coble v. Medley,* 186 N. C., 479, 119 S. E., 892; *Harris v. Singletary,* 193 N. C., 583, 137 S. E., 724; *Foster v. Hyman,* 197 N. C., 189, 148 S. E., 36; *Watson v. Hilton,* 203 N. C., 574, 166 S. E., 589; *Klander v. West,* 205 N. C., 524, 171 S. E., 782; *Ledford v. Smith,* 212 N. C., 447, 193 S. E., 722.

"To warrant an execution against the person of the judgment debtor, after plaintiff has exhausted his remedy against the property of the defendant, when the cause of arrest is set out in the complaint (*Peebles v. Foote,* 83 N. C., 102), the same must be sustained by the evidence and established by the verdict." *Coble v. Medley, supra.*

In order that execution against the person may issue, a distinct and separate issue as to the essential fact upon which the right to the execution is based must be submitted to and affirmatively found by the jury. *McKinney v. Patterson,* 174 N. C., 483, 93 S. E., 967.

In the instant case no issue as to actual malice, as distinguished from the malice in law imported by the utterance of words actionable *per se,* was submitted to the jury, and the trial court was without power, in the absence of an affirmative answer to such an issue, to order the arrest of the defendant in execution against his person. There was no waiver of jury trial on this issue, which was one raised by the pleadings and essential to the determination of right to such an execution.

The finding of the trial judge, without the intervention of the jury, that the words were "actually malicious" could not take the place of trial by jury of an essential issue of fact, nor have the effect of depriving

the defendant of his homestead and personal property exemptions (C. S., 1631), nor sanction an invasion of his right of personal liberty.

While that portion of the judgment of the trial court which adjudged the amount of the recovery for the words spoken, from which no appeal was taken, may not now in that respect be amended or modified, the judgment, on this motion, will not be held to authorize the issue of execution to arrest and imprison the defendant for failure to pay a judgment for money, predicated only upon issues submitted which do not support an execution against the person.

In the latter respect and to that extent the judgment was irregular, and the court has power upon proper application to define the limits of authority thereunder and to modify its effect. As was said in *Carter v. Rountree,* 109 N. C., 29, 13 S. E., 716 : "An irregular judgment is one entered contrary to the course of the court, contrary to the method of procedure and practice under it allowed by law in some material respect; as if the court gave judgment without the intervention of a jury in a case where the party complaining was entitled to a jury trial and did not waive his right to the same." *Vass v. Building & Loan Association,* 91 N. C., 55; *Moore v. Packer,* 174 N. C., 665, 94 S. E., 449; *Finger v. Smith,* 191 N. C., 818, 133 S. E., 186.

The motion in the cause to recall the execution on the ground of its invalidity did not come too late. It was only by the attempted enforcement of an execution unauthorized by law, and not by the rendition of the judgment, that the defendant's rights and liberties were threatened. *Harrell v. Welstead,* 206 N. C., 817, 175 S. E., 283; *York v. Texas,* 137 U. S., 15.

There was error in dissolving the temporary restraining order. The defendant was entitled to have the execution against his person recalled, and the judgment of the court below is

Reversed.