BILL HUMPHREY v. S. R. CHURCHILL, SHERIFF OF LENOIR COUNTY.

(Filed 8 May, 1940.)

1. **Nuisances § 11: Execution § 11—Remedy to prevent sale of chattels not used in operation of nuisance is by motion in the cause.**

· In a proceeding under C. S., 3180, *et seq.,* judgment was entered upon determination that the defendant therein was operating a nuisance against public morals, directing that the personal property of defendant used in

the operation of the nuisance be sold in accordance with C. S., 3184. Thereafter the defendant in that proceeding instituted this action against the sheriff to restrain the sale of certain of the personal property upon allegations that the property specified had not been used in the operation of the nuisance and that the sheriff was about to sell it under the prior judgment. There was neither allegation nor contention that the execution was void. *Held:* The temporary restraining order was properly dissolved, the proper remedy being by motion in the cause and not by independent action to restrain the sheriff from selling the chattels as directed by the prior judgment.

2. Execution § 11—Complaint in independent action to restrain execution cannot be treated as a motion in the cause when plaintiff in former action is not a party.

Where judgment directing the sale of personal property used in the operation of a nuisance is entered in a proceeding instituted by the solicitor, the complaint in an independent action thereafter instituted against the sheriff alone by the defendant in the former proceeding to restrain the sale of certain of the personalty on the ground that it was not used in the operation of the nuisance cannot be treated as a motion in the cause, since the plaintiff in the former action is not a party.

SEAWELL, J., dissenting.

STACY, C. J., and WINBORNE, J., concur in dissent.

APPEAL by plaintiff from *Cowper, J.,* at December Term, 1939, of LENOIR. Affirmed.

*Louis I. Rubin and Sutton & Greene for plaintiff.*
*Thos. J. White for defendant.*

DEVIN, J. This action was instituted to restrain the sale of certain personal property of the plaintiff Bill Humphrey, which it is alleged the defendant sheriff was threatening to sell, pursuant to a judgment of the Superior Court.

Plaintiff alleged that in the case entitled "State *ex rel.* Barker, Solicitor, *v.* Bill Humphrey," an action instituted and prosecuted to judgment against him under the provisions of C. S., 3180 and 3184, relating to the abatement of nuisances, it was adjudged that a public nuisance as defined by the statute had been maintained by Bill Humphrey at the place known as Bill Humphrey's Filling Station, and the premises where said business had been carried on, together with the furniture, fixtures, stock of goods and other personal property used in the operation of said business, were declared a nuisance, and the sheriff was ordered to remove all fixtures, furniture, musical instruments and other movable property used by Bill Humphrey in conducting said nuisance and to sell the same in the manner provided by law.

The plaintiff Bill Humphrey alleged in the present action that the stock of goods referred to in the judgment had not been used in the conduct of a nuisance as defined by the statute, and that the sheriff, pursuant to said judgment, was wrongfully threatening to sell same. He prayed that the defendant sheriff be restrained from selling this property.

Plaintiff attached to his complaint in this action the pleadings, order, and judgment in the former action wherein he was the defendant. From these it appears that it was alleged in the complaint in the former action that "said business, furniture, fixtures, money, merchandise, stock of goods and all other personal property of the defendant Bill Humphrey which may be found in and about the said Bill Humphrey's Filling Station constitute a public nuisance which in the interests of the public morals and decency should be abated." Upon that complaint the order of Stevens, J., required the delivery to the sheriff of "all the personal property, equipment, fixtures, money, merchandise and musical instruments used in connection with the conduct or maintenance of said establishment or business located therein."

Bill Humphrey filed answer denying that a nuisance had been maintained as alleged. Upon the trial of the issue in the former suit verdict was rendered against Bill Humphrey, and the judgment decreed that the premises where the business of Bill Humphrey, known as Bill Humphrey's Filling Station, had been carried on "together with said business, furniture, fixtures, money, merchandise, stock of goods and other personal property of defendant Bill Humphrey which have been used in the operation of said business" constituted a public nuisance as defined by ch. 60, Consolidated Statutes, and the sheriff was ordered to remove all fixtures, furniture, musical instruments or other movable property which have been used by defendant Bill Humphrey in conducting said nuisance, with directions, in the language of C. S., 3184, that same be sold in the manner provided by law.

To this judgment Bill Humphrey noted exception, but did not perfect his appeal, and same was dismissed on motion.

Thus it appears that the matters upon which Bill Humphrey sues in this action were presented under the pleadings in the former action and judgment was rendered thereon. In this situation we are of opinion, and so hold, that his recourse, if any, is by motion in the original cause rather than by independent action. Having had a day in court, with opportunity to present his contention, and having failed to perfect his appeal from an adverse judgment, a new action upon the same ground to restrain the execution of the judgment would not lie. There is neither allegation nor contention that the execution is void. His remedy, if any, is by motion in the original action to recall the execution, modify the judgment, or restrain the sheriff. *Davis v. Land Bank, ante,* 145;

*Crowder v. Stiers,* 215 N. C., 123, 1 S. E. (2d), 353; *Finance Co. v. Trust Co.,* 213 N. C., 369, 196 S. E., 340; *Kistler v. Weaver,* 135 N. C., 388, 47 S. E., 478; *Baxter v. Baxter,* 77 N. C., 118; McIntosh Prac. & Proc., secs. 735 and 861.

In *Finance Co. v. Trust Co., supra,* where an independent action was instituted to restrain an execution sale, it was said by *Barnhill, J.,* speaking for the Court: "The plaintiffs cannot maintain this action as an independent proceeding for two reasons: (1) this is an injunctive proceeding and the plaintiffs have an adequate remedy at law by motion in the cause, and (2) the relief sought must be obtained by motion in the original cause and not by independent action." It was also said in that opinion: "An action is not ended by the rendition of a judgment but is still pending until the judgment is satisfied."

The complaint in this action may not be treated as a motion in the cause, as is sometimes done, for the reason that this action is solely against the sheriff as such, and the plaintiff in the original action is not a party.

The exception to the ruling of the court below in dissolving the temporary restraining order and sustaining defendant's demurrer cannot be sustained. However, the execution will be stayed until the plaintiff shall have had opportunity to enter his motion in the original cause if he so desires.

The judgment below is

Affirmed.

SEAWELL, J., dissenting: The order of sale in this case attempts to confer on the sheriff, a ministerial officer, the judicial function, since it makes him the judge of what property was used "by Bill Humphrey" in conducting the nuisance complained of. Such a power is not only dangerous to the public, but its delegation has been universally condemned as unconstitutional. 16 C. J., 505; *Strickland v. Cox,* 102 N. C., 411, 9 S. E., 414. It makes no difference that it is in the words of the statute. That is a charter for the court and jury, not the sheriff.

Even the Legislature cannot confer on a ministerial executive officer such incompatible powers. Constitution of North Carolina, Article I, section 8; 11 Am. Jur., p. 909, section 207.

The order, or execution, has no more validity than an execution in an action of *detinue,* which requires the sheriff to take from the defendant and deliver to the plaintiff "the property which belongs to him." The order directed to the sheriff is void and the proposed action thereunder is utterly without authority; *Barham v. Perry,* 205 N. C., 428, 171 S. E., 614; and subject to restraint by injunction. *Daniels v. Homer,* 139 N. C., 219, 248 S. E., 237.

In the main opinion it is said that the plaintiff has neither alleged nor contended that the execution is void. In this case the order of execution is embodied in the judgment, and that part which relates to the sale of the property by the sheriff is the part around which the controversy hinges, and the objection, as stated in plaintiff's brief, is that the order leaves to the personal judgment of the sheriff "what might or might not have been used in the way of movable property in the conduct of the nuisance."

No doubt the defendant, in the vernacular, "got what was coming to him." But the precedent might be used to defeat justice in a more meritorious cause.

STACY, C. J., and WINBORNE, J., concur in dissent.