McCULLOUGH *v.* CITY OF DENVER *et al.*

(*Circuit Court, D. Colorado.* July 13, 1889.)

INJUNCTION—TRESPASS—NOMINAL DAMAGES.

The court will not enjoin a municipal corporation **from laying a ditch or** flume over private property, though the entry by the city was made **on the** Sabbath day, and in a forcible and lawless manner, where it appears that the ditch is for a necessary public purpose, and that complainant's damages are but trifling.

In Equity. Motion for injunction.
*Teller & Orahood,* for complainant.
*O. C. Marsh* and *J. F. Shafroth,* for defendants.

HALLETT, J. In McCullough against the city of Denver and others, the court is asked to restrain the building of a ditch or flume over a tract of land adjacent to the city. The land is vacant, except that complainant is grading streets through it, and preparing it for use as town lots. It has been used for brick-yards. There are houses on all sides of it, and it is now valuable only as an addition to the town. For many years ditches on this tract have been in use for conveying water to other parts of the town, and the one last used was destroyed by complainant's work in grading the streets. On Sunday, June 30, the city authorities entered the premises with a large force of men, and made an underground flume on the north side of Eighteenth avenue, as defined by complainant's work. It is not said that the work was done in a manner to cause unsightly ditches, or otherwise injure the land in any way, having regard to the use which is to be made of it, and the purpose was to convey water to other parts of the town, where it was greatly needed. It is a matter of profound regret that the city authorities should feel at liberty to go about a work of this kind with force and arms, and on the Sabbath day. A municipal government, charged with the duty of maintaining law and order and rights of property within the corporate limits, should not be endowed with or entertain the predatory instincts and lawless habits of private corporations. In this instance the conduct of the city government seems to have been according to the practice of a railroad corporation stealing a right of way. Such indecent and illegal proceedings cannot be justified in any case, and there is no shadow of excuse for such conduct in this instance. The extraordinary conduct of the city authorities will not, however, give authority to the court to interpose by injunction. The damage to complainant's land on account of the flume will be trifling, and the water is needed for public use. Under such circumstances the court will decline to act, and leave complainant to his action at law for any damages he may be entitled to.