### KAMPER v. CITY OF CHICAGO.

(Circuit Court of Appeals, Seventh Circuit. May 18, 1914.)

No. 2094.

1. EMINENT DOMAIN (§ 293*)—REMEDIES OF OWNERS—PLEADING.

A bill by an owner of land to restrain a continuous trespass, which began while the land was in the possession of a former owner, was defective for failure to allege that the latter, after the original entry without his knowledge or consent, remained in ignorance of the trespass and had not settled with defendant for taking his property.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 797–802; Dec. Dig. § 293.*]

2. EMINENT DOMAIN (§ 293*)—REMEDIES OF OWNERS—PLEADING.

Where defendant constructed a water tunnel under complainant's property without his knowledge and without condemning the right to do so, and complainant sued to compel the removal of the tunnel and the restoration of his lots to their original condition, an allegation in the bill that the construction was inferior and defective was immaterial.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 797–802; Dec. Dig. § 293.*]

3. EMINENT DOMAIN (§ 273*)—TAKING LAND FOR PUBLIC USE—EQUITABLE RELIEF—DAMAGES.

Where a city constructed a water tunnel across complainant's property 70 feet below the surface as part of a city system for taking water from Lake Michigan and supplying it for pay to its inhabitants, complainant was not entitled to maintain a suit to compel the city to remove the tunnel and restore his lots to their former condition, though the city had not condemned the right to maintain the tunnel, but, the city's work being of a public character and the land having been appropriated to a public use, complainant was limited to his right to recover damages.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 743–749, 752, 754–764; Dec. Dig. § 273.*]

4. EMINENT DOMAIN (§ 288*)—REMEDIES OF OWNERS—LIMITATIONS.

Where defendant city without condemnation appropriated a portion of complainant's property for a water tunnel 70 feet below the surface and complainant did not sue for an injunction to compel the removal of the tunnel and a restoration of the lots to their original condition for 15

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

years after the work had been done, the bill could not be properly retained for an assessment of damages.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 783–788; Dec. Dig. § 288.*]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; George A. Carpenter, Judge.

Action by John Kamper against the City of Chicago. Judgment for defendant, and complainant appeals. Affirmed.

Thomas J. Sutherland, of Chicago, Ill., for appellant.

William Dillon, of Chicago, Ill., for appellee.

Before BAKER, SEAMAN, and MACK, Circuit Judges.

BAKER, Circuit Judge. Appellant's bill, at appellee's motion, was dismissed on the ground that the facts alleged were not sufficient to entitle appellant to equitable relief.

In brief the allegations are these: Prior to 1897 one Mauland was the owner of two lots in Chicago, on which he had erected an apartment building. Without Mauland's knowledge or consent, without proceedings to assess the just compensation, and without paying any compensation to Mauland, appellee in 1897 constructed a water tunnel across the lots, 70 feet below the surface. This tunnel is a part of appellee's system for taking water from Lake Michigan and supplying it for pay to the inhabitants. In 1907 Mauland conveyed the lots and improvements to Romano, who during his ownership had no knowledge of appellee's trespass. Romano conveyed the property in 1908 to appellant, who was ignorant of the trespass until one month before bringing this suit. By maintaining and using the tunnel appellee is committing a continuing trespass upon appellant's property. On account of weak and inferior construction the tunnel is liable to crumble to pieces at any time, and so is a constant menace to the safety of appellant's building. The location of the tunnel is such as to interfere with appellant's operations if he should attempt to erect a larger structure requiring deeper foundations. Appellant has annually paid to the public authorities taxes upon the property, including that part seized and held by appellee.

The prayer is for a mandatory injunction to compel appellee to remove the tunnel and restore the lots to their original condition.

[1] Affirmance of the decree might be rested on the bill's failure to aver that Mauland, after the original entry without his knowledge or consent, remained in ignorance of the trespass, and had not settled with appellee for the taking of his property; but nevertheless we will consider appellant's real contention.

[2] Another preliminary matter requires some notice. Appellant charged that the construction of the tunnel was inferior and defective. But inasmuch as appellant carefully refrained from asking that appellee be required to put the tunnel in safe condition (which would be an affirmance of appellee's possession on condition of making the tunnel safe and paying just compensation if appellant should be entitled

to it), we regard the allegation as immaterial for any purpose except to strengthen appellant's one demand that the tunnel be removed.

[3] And the answer to that demand seems to us quite clear and simple. When a public or quasi public corporation, having the delegated power of eminent domain, without condemnation proceedings enters upon land (which the owner would be powerless to hold against appropriation for public use) and thereupon completes a public work and is using it in public service, the landowner will not be permitted, by ejectment or mandatory injunction, to retake possession and thus break in two a railroad or a water tunnel or other work which is being used as an entirety for the public good. This is so, not because· equity refuses to frown upon the unlawful seizure, but because equity will not tolerate a possessory demand being turned into a means of oppression and extortion, and because a consideration of the rights and convenience of the public outweighs the qualified possessory right of the owner—a right he could not have absolutely maintained even initially as against the public use. And equity sufficiently indicates its disapproval of the wrongful taking by pointing the owner to the law courts, where his right to compensation can be determined. Osborne v. Missouri Pacific Railway Co., 147 U S. 248, 13 Sup Ct. 299, 37 L. Ed. 155; New York City v. Pine, 185 U. S. 93, 22 Sup. Ct. 592, 46 L. Ed. 820; McCullough v. City of Denver et al. (C. C.) 39 Fed. 307; McCarthy et al. v. Bunker Hill & Sullivan Mining & Concentrating Co. et al., 164 Fed. 927, 92 C. C. A. 259; Whittlesey v. Hartford, Providence & Fishkill R. Co., 23 Conn. 421; Leonard D. Fisk et al. v. City of Hartford, 70 Conn. 720, 40 Atl. 906, 66 Am. St. Rep. 147; Doane v. Lake Street El. R. R. Co., 165 Ill. 510, 46 N. E. 520, 36 L. R. A. 97, 56 Am. St. Rep. 265; Johnson v. United Rys. Co. of St. Louis et al., 227 Mo. 423, 127 S. W. 63; Higbee & Riggs v. Camden & Amboy Railroad & Transportation Company, 20 N. J Eq. 435; Grey, Attorney General, ex rel. Simmons v. Paterson, 60 N. J. Eq. 385, 45 Atl. 995, 48 L. R. A. 717, 83 Am. St. Rep. 642; Lake Drummond Canal & Water Co. v. Burnham et al., 147 N. C. 41, 60 S. E. 650, 17 L. R. A. (N. S.) 945, 125 Am. St. Rep. 527; Griffin v. Southern Ry. Co., 150 N C. 312, 64 S. E. 16.

[4] In New York City v. Pine, supra, the bill to enjoin the city from diverting water from complainant's premises was filed before any diversion had occurred. And so the bill appealed to equity's jurisdiction to prevent a threatened trespass. But even so the mandatory injunction of the Circuit Court was reversed for the purpose of restricting complainant to an assessment of damages either in an action at law or in the pending suit wherein the jurisdiction in equity had been seasonably invoked. Here, however, the bill was not filed until the public work had been devoted to public use for 15 years; and so the bill cannot properly be retained for any purpose.

The decree is affirmed.